■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. HOWARD SOHN, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered February 14, 1973, convicting him of assault in the second degree, after a nonjury trial, and sentencing him to probation for five years. Judgment reversed, on the law and the facts and as a matter of discretion in the interests of justice, and indictment dismissed. In our view the evidence failed to establish guilt beyond a reasonable doubt. The testimony as to how the incident began was extremely equivocal and it cannot be concluded beyond a reasonable doubt that appellant was the aggressor. A finding that appellant and his codefendants were the aggressors is inconsistent with the fact that they called the police and remained on the scene until their arrival. This, coupled with the fact that the complainant pleaded guilty to possession of a pistol during the incident, indicates that the People failed to meet their burden of proving guilt beyond a reasonable doubt. Latham, Acting P. J., Shapiro, Gulotta, Christ and Benjamin, JJ., concur.

## (December 17, 1973)

■ DESIGNER HOMES, INC., Appellant, v. GOT-A-FLO, INC., Respondent.— In an action by a general contractor against a subcontractor to recover damages for breach of contract and for fraud in the inducement of the contract, plaintiff appeals from a judgment of the Supreme Court, Westchester County, entered May 17, 1973, after a nonjury trial, in favor of defendant and against plaintiff, upon an award of damages to defendant of $14,400, with interest, upon a counterclaim. Judgment reversed, on the law and the facts, and new trial granted solely as to defendant's damages, with costs to abide the event. In our opinion, the trial court correctly found that there had been a breach of contract by plaintiff. The award of damages to defendant was based on testimony in behalf of defendant that its anticipated profits would have been at least 15% of the contract price. Such evidence was speculative. While damages need not be calculated with mathematical certainty to permit a recovery therefor, there was insufficient proof to form a basis of computaton for any alleged loss of profits (*Dubiner's Bootery* v. *General Outdoor Adv. Co.,* 10 A D 2d 923). A new trial should be held for the purpose of receiving evidence as to what damages, if any, were sustained by defendant. Hopkins, Acting P. J., Latham, Gulotta and Christ, JJ., concur.