■ WADE LUPE CONSTRUCTION CO., INC., Appellant, v B & J ROOFING CO., INC., Respondent. — Appeal from a judgment of the Supreme Court in favor of defendant, entered April 17, 1980 in Rensselaer County, upon a decision of the court at a Trial Term (Pennock, J.), without a jury. Plaintiff, a general contractor, and defendant, a subcontractor, entered into a contract whereby defendant was to deliver all specified roofing materials and perform certain roofing operations for the total sum of $68,500, consisting of $44,500 in materials and $24,000 in labor. Plaintiff terminated the contract in December of 1974 and thereafter commenced the instant proceeding seeking damages for breach by defendant. Defendant counterclaimed upon the basis that the termination of the contract by plaintiff was unjustified. The trial court found that the defendant had not breached the contract and that plaintiff breached the agreement by its termination thereof. These issues required an interpretation of the contract and a weighing of the evidence by the trial court and the findings are not erroneous as a matter of law or contrary to the evidence. The trial court awarded defendant the actual value of materials and labor supplied by it and not paid by plaintiff, together with $8,500 lost profit. The award of lost profit is erroneous upon this record since the trial court specifically found that if defendant had completed its contract it would have lost money and further, because there is no adequate proof of the essential costs of completion. The facts establish that the actual labor and material expenses are at least the equivalent of the value of the benefit rendered to plaintiff. (Cf. *Berley Inds. v City of New York,* 45 NY2d 683, 687.) Defendant took no appeal from the judgment, but now urges that its labor costs would have been substantially less than the $24,000 contract figure and lost profit could be computed based on such difference. However, defendant's argument overlooks its own proposed finding of fact adopted by the court that it had expended nearly $18,000 for labor and there was still about 30% of the contract to be performed when breached by plaintiff. The judgment must be modified by deleting the award of lost profits as speculation and otherwise affirmed and the trial court's finding of fact of a loss of profit of $8,500 is disapproved and a new finding of total damages in the sum of $6,163.72 is made. Judgment modified, on the law and the facts, by reducing the damages awarded to the sum of $6,163.72, and, as so modified, affirmed, without costs. Main, J. P., Mikoll, Yesawich, Jr., Weiss and Herlihy, JJ., concur.