■ NINETEEN NEW YORK PROPERTIES LIMITED PARTNERSHIP, Respondent, v 535 5TH OPERATING INC. et al., Respondents, and CORN CLUB COMPANY, INC., Appellant. [621 NYS2d 42] —Order, Supreme Court, New York County (Carmen Beauchamp Ciparick, J.), entered May 21, 1992, which dismissed the third and fifth cross-claims of defendant The Corn Club Company, Inc. (Corn Club), dismissed the first, second, third, part of the fourth, and the sixth counterclaims of Corn Club, and denied Corn Club's motion to compel disclosures, unanimously modified to the extent of denying those portions of plaintiff's motion for summary judgment dismissing the first and third counterclaims of defendant Corn Club, and otherwise affirmed; and order (same court, same Justice) entered June 24, 1993, which granted plaintiff's cross-motion to dismiss the balance of Corn Club's fourth counterclaim and Corn Club's fifth counterclaim and denied Corn Club's motion for discovery, unanimously modified to the extent of denying the motion to dismiss the balance of Corn Club's fourth counterclaim and Corn Club's fifth counterclaim, and otherwise affirmed; with the result that the first, third, fourth, and fifth counterclaims of Corn Club are ordered reinstated, except that portion of the fourth counterclaim seeking damages for lost profits; and except as so modified, both orders are affirmed without costs.

In 1984 plaintiff became the owner, subject to a 1978 lease of part of the property, of a building at 535-545 Fifth Avenue. Leases and subleases were subsequently entered into and in 1989 Corn Club entered a "sub-sublease" which purported to make it a tenant of defendant-respondent 45th & Fifth Operating Inc. (Operating) with respect to certain space in the building (Space H). On September 5, 1989, it occupied Space

H. In October, 1989, however, plaintiff took possession of such Space H and locked Corn Club out, taking the position that Operating was not a sublessee of that space. Corn Club contends that there is a chain of possession of Space H from 1978 through 545 Fifth Rest. Corp. and Operating to it in 1989. Surprisingly, plaintiff does not show any such chain entitling it to possession and does not show any use by it of the space or grant of possession thereof to another during that period.

On discovering Corn Club in possession of Space H in 1989, plaintiff locked Corn Club out and brought the instant action for declaratory and injunctive relief. Corn Club's answer set forth six counterclaims for: (1) injunctive relief restoring it to Space H; (2) a hearing to determine penalties for fraud; (3) a declaratory judgment permitting it to repossess Space H; (4) damages for wrongful eviction under RPAPL 853; (5) damages for trespass; and (6) "treble attorneys fees."

The question of whether Operating had a right to possess— and to lease—Space H and thus whether Corn Club was wrongfully evicted has not been determined. That issue was referred for a hearing, but the hearing never took place; moreover, there is nothing on the record to demonstrate that plaintiff's possessory right to such space was superior to Corn Club's. Plaintiff, for instance, contends that Space H was never part of the premises leased in 1985 to 535 5th Operating Inc. (535 5th), but it has not shown that Space H would have to have passed through that lease or that it did not so pass. It has not shown that its possessory right to Space H was superior to that of Corn Club's.

Corn Club's first, third, fourth, and fifth counterclaims all hinge on the question of whether or not the eviction was justified. The motion court recognized the importance of that question by its referral for a hearing thereon, although the hearing never occurred. These counterclaims should thus be reinstated except to the extent that the fourth counterclaim seeks to recoup lost profits. Corn Club's business was a start-up venture; the lost profits were too speculative (see, Kenford Co. v County of Erie, 67 NY2d 257, 261).

The fifth counterclaim is not precluded by the limitation of damages clause in the sublease, since there is no privity of contract between plaintiff and Corn Club.

Corn Club's second counterclaim was properly dismissed for failure to state a cause of action. The only fraud alleged is with respect to statements made in the complaint and in support of plaintiff's motion; there could be no detrimental

reliance on such statements. Corn Club's sixth counterclaim was also properly dismissed. There is no privity of contract between plaintiff and Corn Club and no contractual or statutory right to attorney's fees as an element of damages *(see, Camatron Sewing Mach. v Ring Assocs.,* 179 AD2d 165, 169). In addition, any claim for treble damages with respect to such fees would be duplicative of the fourth counterclaim.

Corn Club's third cross-claim was properly dismissed pursuant to the exculpatory provision of paragraph 66 of the lease. The only other cross-claim dismissed was Corn Club's fifth, for attorney's fees. In the absence of statutory or contractual authority for such damages, such dismissal was proper.

Corn Club's motions to compel discovery were palpably overbroad and properly denied. Concur—Rosenberger, J. P., Wallach, Kupferman, Ross and Nardelli, JJ.