■ ROBERT BALEMIAN et al., Appellants-Respondents, v LB REAL ESTATE DEVELOPMENT CORP., Respondent-Appellant, and JAMES SHEERIN et al., Respondents. [641 NYS2d 23] —Judgment of the Supreme Court, Suffolk County (Saverio Fierro, J.), entered September 9, 1994, which, after a nonjury trial, awarded defendant LB Real Estate Development Corp. the principal sum of $73,743 plus interest on its counterclaim for breach of contract, and dismissed the complaint for breach of contract and willful exaggeration of a mechanic's lien, is unanimously modified, on the law, to the extent of remanding for new findings of fact with respect to the amount of the award, and otherwise affirmed, without costs or disbursements.

In this action for breach of a contract to construct a new home, the trial court's determination that plaintiffs, and not defendants, had breached the contract was expressly premised on its finding with respect to the credibility of a former-party witness who had been fired by defendants and had settled with plaintiffs prior to trial. The court's determination as to liability constitutes a fair interpretation of the evidence that should

---

not be disturbed (*see, Thoreson v Penthouse Intl.*, 80 NY2d 490, 495). Moreover, the construction contract did not authorize plaintiffs' withholding of progress payments upon defendants' failure to complete only one of several items required to be done at a specified stage of the work, such as the stairs. There was no indication that anything other than substantial compliance was necessary.

With respect to the cause of action for willful exaggeration, although the amount of the lien exceeded the value of the lienable work and materials provided, there was inadequate proof of willfulness (*see, Goodman v Del-Sa-Co Foods*, 15 NY2d 191, 194). Accordingly, it was properly dismissed.

We reject plaintiffs' contention that the lost profit award was inappropriate on the ground that pre-bid estimates are not a valid basis for recovery because of their subjective unauditable nature (*see, Najjar Indus. v City of New York*, 87 AD2d 329, 332, *affd* 68 NY2d 943). Such reasoning is inapplicable here, where the actual costs are known and the only estimated aspect of the recovery is a percentage-based anticipated profit.

However, we find that the trial court erroneously omitted recoverable items from the award, and was unclear with respect to its calculations. Overhead and supervision costs were improperly excluded despite the parties' contractual formula clearly mirroring the quantum meruit criteria that allows for recovery of such items (*see, Najjar Indus. v City of New York, supra; Fehlhaber Corp. v State of New York*, 65 AD2d 119, 130, *lv denied* 48 NY2d 604).

The award for lost profits was not speculative merely because defendants' construction business was a start-up venture, since there were fixed costs for the project and the claimed profits do not reflect an anticipated volume of incoming business but a fixed amount based upon a formula (*cf., Nineteen N. Y. Props. v 535 5th Operating*, 211 AD2d 411, 412; *Suffolk Sports Ctr. v Belli Constr. Corp.*, 212 AD2d 241, 248). However, it is unclear whether a claimed arithmetic error and discrepancies between pre-bid cost estimates and actual costs would have resulted in a net loss had defendants completed the project (*see, Wade Lupe Constr. v B & J Roofing Co.*, 84 AD2d 615, *affd* 55 NY2d 993), and thus, whether there should be any award at all. Moreover, although plaintiffs were held in breach, upon our own review of the record, it is evident that defendant construction company was not entirely blameless for the delay in construction of the stairs, and, upon remand, the trial court should consider this factor in determining whether there should be a proportional allocation.

We have considered the parties' other contentions for affirmative relief, and find they are without merit. Concur—Murphy, P. J., Sullivan, Rosenberger, Rubin and Nardelli, JJ.