■ FIDELITY NEW YORK, FSB, Formerly Known as FIDELITY NEW YORK, F.A., Respondent, v KENSINGTON-JOHNSON CORPORATION et al., Respondents, GEORGE A. FULLER COMPANY, Appellant, et al., Defendants. [651 NYS2d 86] —In an action, *inter alia,* to foreclose a mortgage, the defendant George A. Fuller Company a/k/a American International Contractors Inc., appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Nassau County (Roncallo, J.), entered March 30, 1994, as is in favor of the plaintiff and the defendant Kensington-Johnson Corporation and against it discharging a mechanic's lien and dismissing its counterclaim and cross claim to enforce the lien.

Ordered that the judgment is reversed insofar as appealed from, on the law and the facts, with costs, the mechanic's lien and the appellant's counterclaim and cross claim to enforce the lien are reinstated and the matter is remitted to the Supreme Court, Nassau County, for further proceedings.

"It is well established that 'Inaccuracy in amount of lien, if no exaggeration is intended, does not void a mechanic's lien; willfulness also must be shown' " *(Goodman v Del-Sa-Co Foods,* 15 NY2d 191, 194, quoting *Yonkers Bldrs. Supply Co. v Luciano & Sons,* 269 NY 171, 176). The burden is upon the opponent of the lien to show that the amounts set forth were "intentionally and deliberately exaggerated" *(Perma Pave Contr. Corp. v Paerdegat Boat & Racquet Club,* 156 AD2d 550, 552; *Goodman v Del-Sa-Co Foods, supra).* Here, although there may have been certain inaccuracies in the amount claimed in the mechanic's lien, Fidelity New York, FSB, and Kensington-Johnson Corporation failed to meet their burden of proving that the inaccuracies were due to willful exaggeration. Therefore, the mechanic's lien should not have been discharged *(see,* Lien Law § 39). Mangano, P. J., Rosenblatt, Ritter and Pizzuto, JJ., concur.