■ EAST HILLS METRO, INC., Respondent-Appellant, v J.M. DENNIS CONSTRUCTION CORP., Appellant-Respondent, et al., Defendant. [717 NYS2d 202] —In an action, *inter alia,* to foreclose a mechanic's lien, the defendant J.M. Dennis Construction Corp. appeals, and the plaintiff cross-appeals, from an order of the Supreme Court, Nassau County (Segal, J.), dated January 20, 2000, which denied the motion of the defendants, J.M. Dennis Construction Corp. and Hofstra University, for summary judgment discharging the lien as a willful exaggeration pursuant to Lien Law § 39, and on a counterclaim pursuant to Lien Law § 39-a.

Ordered that the cross appeal is dismissed, for failure to perfect the same in accordance with the rules of this Court (*see,* 22 NYCRR 670.8 [c], [e]), and on the ground that the plaintiffs are not aggrieved by the order cross-appealed from; and it is further,

Ordered that so much of the appeal of the defendant J.M. Dennis Construction Corp. as purports to be taken from that portion of the order denying summary judgment to the defen-

dant Hofstra University is dismissed, as the appellant is not aggrieved by that portion of the order; and it is further,

Ordered that the order is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The Supreme Court properly held that the appellant failed to demonstrate, as a matter of law, that the plaintiff wilfully exaggerated the subject lien (*see, Fidelity N. Y. v Kensington-Johnson Corp.*, 234 AD2d 263). The fact that a lien may contain improper charges does not, in and of itself, establish that a plaintiff wilfully exaggerated a lien (*see, Goodman v Del-Sa-Co Foods*, 15 NY2d 191; *Fidelity N. Y. v Kensington-Johnson Corp., supra*; *Balemian v LB Real Estate Dev. Corp.*, 226 AD2d 223; *Coppola Gen. Contr. Corp. v Noble House Constr.*, 224 AD2d 856; *Howdy Jones Constr. Co. v Parklaw Realty*, 76 AD2d 1018, *affd* 53 NY2d 718). This is particularly true in light of the requirement that Lien Law § 39-a must be strictly construed in favor of the party against whom the penalty is sought to be imposed (*see, Goodman v Del-Sa-Co Foods, supra*; *Pyramid Champlain Co. v Brosseau & Co.*, 267 AD2d 539; *Guzman v Estate of Fluker*, 226 AD2d 676). Santucci, J. P., Thompson, Luciano and Schmidt, JJ., concur.