■ STARDIAL COMMUNICATIONS CORP., Respondent-Appellant, v TURNER CONSTRUCTION COMPANY, Appellant-Respondent, et al., Defendants. [757 NYS2d 749] —Order, Supreme Court, New York County (Barbara Kapnick, J.), entered November 1, 2002, which granted that branch of defendant Turner Construction Company's motion seeking summary judgment only to the extent of dismissing plaintiff's negligence claim, and denied those branches of Turner's motion seeking to limit the amount of any damages plaintiff may obtain, and to have plaintiff's jury demand stricken, unanimously affirmed, without costs.

"[I]t is undisputedly the rule that one who frustrates another's performance cannot hold that party in breach" (Water St. Dev. Corp. v City of New York, 220 AD2d 289, 290 [1995], lv denied 88 NY2d 809 [1996]). Here, the deposition testimony of plaintiff's principal raises questions of fact as to whether defendant Turner interfered with plaintiff's access to the work site so as to hinder plaintiff's ability to perform the salvaging work under the subcontract. The court's implicit conclusion that the subcontract's exculpatory and indemnification clauses are not applicable was proper.

The court properly dismissed the negligence claim against Turner as duplicative of the breach of contract claim. "Merely

charging a breach of a 'duty of due care', employing language familiar to tort law, does not, without more, transform a simple breach of contract into a tort claim" (*Clark-Fitzpatrick, Inc. v Long Is. R.R. Co.*, 70 NY2d 382, 390 [1987]; *accord Morse/Diesel, Inc. v Trinity Indus., Inc.*, 859 F2d 242, 250 [1988]).

The court properly denied Turner's request, pursuant to CPLR 3212 (e), to limit the amount of damages that plaintiff may seek from Turner, since there was no indication that the $10,150 figure mentioned in the subcontract as a credit to be applied for plaintiff's salvaging of certain items for its own retention was meant to represent the fair market value of the items.

The court properly denied that portion of Turner's motion that sought to strike plaintiff's jury demand, since the relevant waiver clause, by its express terms, applies only to an action commenced by Turner.

We have considered the remaining arguments raised by Turner and find them unavailing. Concur—Saxe, J.P., Ellerin, Williams, Lerner and Marlow, JJ.