In an action, inter alia, to foreclose a mechanic’s lien, the defendants Arben Corporation and United States Fidelity and Guaranty Company appeal from so much of an order of the Supreme Court, Westchester County (Rudolph, J.), entered June 12, 2002, as denied their cross motion for summary judgment discharging the lien as a willful exaggeration pursuant to Lien *581 Law §§ 39 and 39-a, and on their counterclaim alleging breach of contract and as granted that branch of the plaintiffs motion which was for summary judgment dismissing Arben Corporation’s counterclaims to recover damages for maintenance and protection of traffic.
Ordered that the order is modified, by deleting the provision thereof granting that branch of the plaintiffs motion which was to dismiss Arben Corporation’s counterclaims to recover damages for maintenance and protection of traffic and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
The Supreme Court properly held that the appellants failed to demonstrate, as a matter of law, that the plaintiff Minelli Construction Co., Inc. (hereinafter Minelli), willfully exaggerated the subject lien (see East Hills Metro v Dennis Constr. Corp., 277 AD2d 348 [2000]; Fidelity N.Y., FSB v Kensington-Johnson Corp., 234 AD2d 263 [1996]). The fact that a lien may contain improper charges does not, in and of itself, establish that a plaintiff willfully exaggerated a lien (see Goodman v Del-Sa-Co Foods, 15 NY2d 191 [1965]; Fidelity N.Y., FSB v Kensington-Johnson Corp., supra). This is particularly true in light of the requirement that Lien Law § 39-a must be strictly construed in favor of the party against whom the penalty is sought to be imposed (see Goodman v Del-Sa-Co Foods, supra; Pyramid Champlain Co. v Brosseau & Co., 267 AD2d 539 [1999]; Guzman v Estate of Fluker, 226 AD2d 676 [1996]).
The appellants’ argument that sections 3.2 and 3.6 of the subcontract can be construed as a so-called “time for payment” clause is unavailing. Since the “pay-when-paid” provision contains express language which imposes a condition on the legal responsibility of Arben Corporation (hereinafter Arben) to pay Minelli, it cannot be construed as a time for payment clause (see West-Fair Elec. Contrs. v Aetna Cas. & Sur. Co., 87 NY2d 148 [1995]).
Since the Supreme Court’s determination that the defendant New York State Thruway Authority acknowledged responsibility for Arben’s claims to recover damages for maintenance and protection of traffic is not supported by the record, the matter is remitted to the Supreme Court for a determination as to whether Minelli was responsible for Arben’s claims (see Passantino v Consolidated Edison Co. of N.Y., 54 NY2d 840, 842 [1981]; CBM Equip. Corp. v Markwardt, 77 AD2d 815, 816 [1980]).
The appellants’ remaining contentions are without merit (see *582 West-Fair Elec. Contrs. v Aetna Cas. & Sur. Co., supra at 158). Smith, J.E, Townes, Cozier and Mastro, JJ., concur.