■ Michael Decker, Appellant, v Veronica Capellini, Respondent. [769 NYS2d 572]—

In an action, inter alia, to foreclose a mechanic's lien, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Orange County (Peter C. Patsalos, J.), dated October 30, 2002, as, upon renewal, granted the

defendant's motion for summary judgment dismissing the complaint which previously had been denied in an order of the same court dated September 10, 2002.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, upon renewal, the determination denying the motion for summary judgment in the order dated September 10, 2002, is adhered to, and the complaint is reinstated.

The plaintiff commenced this action, inter alia, to foreclose a mechanic's lien filed against residential property owned by the defendant. Upon renewal, the Supreme Court granted the defendant's motion for summary judgment dismissing the complaint. The court determined that the plaintiff failed to raise a triable issue of fact as to whether an agreement existed between the parties for the services and materials allegedly provided. However, the plaintiff's verified lien and verified statement in support of his lien were sufficient to raise a triable issue of fact, inter alia, as to whether the services and materials allegedly provided were provided with the consent of, or at the request of, the defendant (see Lien Law § 3; *Zimmerman v Carlson*, 293 AD2d 744 [2002]; *Valsen Constr. Corp. v Long Is. Racquet & Health Club*, 228 AD2d 668 [1996]; *Care Sys. v Laramee*, 155 AD2d 770 [1989]; *see also Goldman v City of New York*, 287 AD2d 482 [2001]). The Supreme Court therefore erred when, upon renewal, it granted the defendant's motion for summary judgment dismissing the complaint. Ritter, J.P., Florio, Friedmann and H. Miller, JJ., concur.