■ TURBO CARPENTRY CORP., Respondent, v RALPH BRANCADORO et al., Appellants. [800 NYS2d 566]—

In an action, inter alia, to recover damages for breach of contract and to foreclose a mechanic's lien, the defendants appeal from an order of the Supreme Court, Queens County (O'Donoghue, J.), dated March 29, 2004, which denied their motion for summary judgment dismissing the complaint, discharging the mechanic's lien, and on its counterclaims.

Ordered that the order is affirmed, with costs.

The defendants demonstrated their prima facie entitlement to judgment as a matter of law by showing that they paid the plaintiff in full for the reconstruction work performed on their property. In opposition, however, the plaintiff raised triable issues of fact regarding the amount owed to it and whether it was fully paid (see Aaron v Great Bay Contr., 290 AD2d 326 [2002]). Accordingly, the Supreme Court properly denied those branches of the defendants' motion which were for summary judgment dismissing the complaint and discharging the mechanic's lien.

In addition, the Supreme Court properly denied that branch of the defendants' motion which was for summary judgment on their two counterclaims. With respect to their first counterclaim, the defendants failed to demonstrate, as a matter of law, that the plaintiff willfully exaggerated the subject lien (see Minelli Constr. Co. v Arben Corp., 1 AD3d 580, 581 [2003]; East Hills Metro v Dennis Constr. Corp., 277 AD2d 348 [2000]; Fidelity N.Y. v Kensington-Johnson Corp., 234 AD2d 263 [1996]). The defendants demonstrated their prima facie entitlement to summary judgment on the second counterclaim by submitting evidence that they sustained damages in the sum of $73,172.18 as a result of the plaintiff's failure to complete the reconstruction in a workmanlike manner (see Brushton-Moira Cent. School Dist. v Thomas Assoc., 91 NY2d 256, 260-261 [1998]; Kaufman v Le Curt Constr. Corp., 196 AD2d 577 [1993]). In opposition, however, the plaintiff raised a triable issue of fact as to whether the defendants, inter alia, "interfered with [the] plaintiff's access to the work site so as to hinder [the] plaintiff's ability to perform" the contract (Stardial Communications Corp. v Turner Constr. Co., 305 AD2d 126 [2003]). Schmidt, J.P., Mastro, Rivera and Skelos, JJ., concur.