■ GEORGE GARRISON et al., Appellants, v ALL PHASE STRUCTURE CORP., Respondent. [821 NYS2d 898]—

In an action, inter alia, to recover damages for breach of contract and willful exaggeration of a mechanics lien, the plaintiffs appeal from a judgment of the Supreme Court, Orange County (Green, J.H.O.), dated September 8, 2004, which, inter alia, after a nonjury trial, dismissed the causes of action alleging breach of contract and willful exaggeration of a mechanics lien and is in favor of the defendant and against them on the counterclaim in the principal sum of $27,180.

Ordered that the judgment is affirmed, with costs.

The plaintiffs, George Garrison and Elizabeth Garrison, are the owners of certain real property in Newburgh. In February 2001 the plaintiffs retained the defendant, All Phase Structure Corp., to build a house on their property.

It is undisputed that, on or about October 11, 2001, Elizabeth Garrison received $23,601 from her lender, upon certifying, inter alia, that the funds would be used to "pay all bills received to date for any labor, materials and services furnished in connection with construction of the Improvements" and that "all conditions to the disbursement of the funds requested herein . . . have been fulfilled, and, to the knowledge of the undersigned, no Event of Default . . . has occurred and is continuing." However, the plaintiffs withheld the funds from the defendant, which subsequently filed a mechanic's lien on the subject property in the amount of $48,410.

The plaintiffs thereafter commenced this action, claiming, inter alia, that the defendant breached the terms of the construction agreement and willfully exaggerated its mechanic's lien. The defendant filed a counterclaim for the stated amount of the lien. After a nonjury trial, the Supreme Court, inter alia, dismissed the causes of action alleging breach of contract and willful exaggeration of a mechanic's lien, and entered judgment in favor of the defendant and against the plaintiffs on the counterclaim in the principal sum of $27,180. The plaintiffs appeal. We affirm.

Where "a case is tried without a jury, our power to review the

evidence is as broad as that of the trial court, bearing in mind, of course, that due regard must be given to the decision of the Trial Judge who was in a position to assess the evidence and the credibility of the witnesses" (*Universal Leasing Servs. v Flushing Hae Kwan Rest.*, 169 AD2d 829, 830 [1991]; *see Eickler v Pecora*, 12 AD3d 635, 636 [2004]). Contrary to the plaintiffs' contention, the Supreme Court properly credited the defendant's evidence and found that the plaintiffs breached the subject contract (*see Eickler v Pecora, supra*).

Moreover, the Supreme Court properly dismissed the cause of action alleging willful exaggeration of a mechanic's lien. Lien Law § 39-a provides, in relevant part, that a willfully exaggerated lien may be voided by the court and the person filing such a notice of lien shall be liable in damages to the owner of the property. The burden is upon the opponent of the lien to show that the amounts set forth were "intentionally and deliberately exaggerated" (*Fidelity N.Y. v Kensington-Johnson Corp.*, 234 AD2d 263 [1996] [internal quotation marks omitted]; *see Perma Pave Contr. Corp. v Paerdegat Boat & Racquet Club*, 156 AD2d 550, 552 [1989]; *see also Minelli Constr. Co. v Arben Corp.*, 1 AD3d 580, 581 [2003]). The plaintiffs failed to satisfy that burden.

The plaintiffs' remaining contentions are without merit. Adams, J.P., Krausman, Fisher and Dillon, JJ., concur.