■ ANTHONY CAPOGNA et al., Respondents, v ROSANA GUELLA et al., Appellants. [836 NYS2d 441]—

In an action, inter alia, to foreclose a mechanic's lien, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Baisley, J.), dated

March 29, 2006, as denied their motion pursuant to Lien Law § 39 to vacate and void the notice of mechanic's lien filed by the plaintiffs with the Suffolk County Clerk against their real property.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court properly determined that the defendants failed to demonstrate, as a matter of law, that the plaintiffs willfully exaggerated the subject lien (*see Minelli Constr. Co. v Arben Corp.*, 1 AD3d 580, 581 [2003]; *East Hills Metro v Dennis Constr. Corp.*, 277 AD2d 348 [2000]; *Fidelity N.Y. v Kensington-Johnson Corp.*, 234 AD2d 263 [1996]). The fact that a lien may contain improper charges does not, in and of itself, establish that a plaintiff willfully exaggerated a lien (*see Goodman v Del-Sa-Co Foods,* 15 NY2d 191 [1965]). This is particularly true in light of the requirement that Lien Law § 39-a must be strictly construed in favor of the party against whom the penalty is sought to be imposed (*see Goodman v Del-Sa-Co Foods, supra; Pyramid Champlain Co. v Brosseau & Co.*, 267 AD2d 539 [1999]; *Guzman v Estate of Fluker*, 226 AD2d 676 [1996]). Prudenti, P.J., Santucci, Covello and Carni, JJ., concur.