■ ABRA CONSTRUCTION CORP., Appellant-Respondent, v 112 DUANE ASSOCIATES, LLC, Respondent-Appellant, et al., Defendant. [873 NYS2d 574]—

Judgment, Supreme Court, New York County (Edward H. Lehner, J.), entered March 9, 2007, after a nonjury trial, awarding plaintiff $48,905.04, inclusive of interest, for the value of work performed and $294,519.05, inclusive of interest, costs and disbursements, for lost profit, less $243,808.20 for willful exaggeration of the mechanic's lien, for a total net award of $50,710.85, unanimously affirmed, with costs.

In this action to foreclose on a mechanic's lien and for breach of a construction contract, the trial court properly rejected plaintiff's completion-percentage method for calculating the value of work plaintiff performed under the contract until it was wrongfully terminated. The percentage-of-completion was not an accurate indicator of plaintiff's alleged damages, since plaintiff failed to establish substantial completion of the contract as a whole (see Beaumont Birch Co. v Najjar Indus., Inc., 477 F Supp 970 [SD NY 1979]; Tibbetts Contr. Corp. v O & E Contr. Co., 15 NY2d 324 [1965]). The contract was terminated in the early stages and plaintiff had only been on the job for approximately two months. The completion-percentage method was inaccurate for the additional reason that plaintiff sought to obtain the benefit of the percentage of completion of work performed by other subcontractors, for which plaintiff did not

pay. Therefore, the trial court properly calculated the value of the work performed by using plaintiff's payroll records, adding reasonable percentages for labor burden, overhead and profit, and adding to that figure the amount of proven cost of plaintiff's materials that had been stipulated by the parties, to reach a total of $120,000. This calculation was supported by a fair interpretation of the trial evidence (*see Watts v State of New York*, 25 AD3d 324 [2006]).

The trial court correctly calculated the amount of lost profit damages by applying the 8% profit percentage that testimony indicated was the industry standard. The court properly rejected the testimony of plaintiff's president that his estimate of lost profit was between 45% and 60% of the contract price, since he was never qualified as an expert and his offer of proof was purely speculative (*see Designer Homes v Got-A-Flo, Inc.*, 43 AD2d 716 [1973]).

The trial evidence amply supports the trial court's finding that plaintiff willfully and intentionally exaggerated its mechanic's lien, warranting the voiding of the lien and the assessment against plaintiff of a civil penalty, pursuant to Lien Law § 39-a. Based on the facts that the amount of the lien was almost seven times the amount that the court found to be due and owing to plaintiff, and that, in employing the percentage-of-completion method, plaintiff included the value of work performed by subcontractors that it did not pay, and based on plaintiff's own documentation of the work it performed until November 29, 1997 and the amount it had been paid therefor, the conclusion is inescapable that at the time plaintiff set the amount due in the mechanic's lien it knew the amount was untrue (*see New Jersey Steel & Iron Co. v Robinson*, 85 App Div 512 [1903], *affd* 178 NY 632 [1904]).

It is clear from the trial court's decision that the court valued plaintiff's exaggeration of the lien by measuring the entire discrepancy between the lien as filed and the amount due plaintiff. Thus, there is no need to remand for findings of fact as to the items and amount of willful exaggeration (*see Goodman v Del-Sa-Co Foods*, 15 NY2d 191 [1965]).

We have considered plaintiff's remaining arguments and find them without merit. Concur—Mazzarelli, J.P., Friedman, Gonzalez, Catterson and Renwick, JJ.