■ Park Place Carpentry & Builders, Inc., Respondent, v Dominick DiVito, Also Known as Dominic DiVito, et al., Appellants, et al., Defendants. [901 NYS2d 866]—

In an action to foreclose on a mechanic's lien, the defendants Dominick DiVito, also known as Dominic DiVito, and Palma

DiVito appeal from so much of an order of the Supreme Court, Suffolk County (Molia, J.), dated May 19, 2009, as denied that branch of their cross motion which was for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court properly held that the appellants failed to demonstrate, as a matter of law, that the subject mechanic's lien was facially invalid under Lien Law § 19, or that the plaintiff wilfully exaggerated the same and therefore, the lien was void pursuant to Lien Law § 39 (see *Turbo Carpentry Corp. v Brancadoro*, 21 AD3d 479, 480 [2005]; *Decker v Capellini*, 2 AD3d 570, 571 [2003]; *Minelli Constr. Co. v Arben Corp.*, 1 AD3d 580, 581 [2003]; *East Hills Metro v Dennis Constr. Corp.*, 277 AD2d 348, 349 [2000]; *Fidelity N.Y. v Kensington-Johnson Corp.*, 234 AD2d 263 [1996]). "The fact that a lien may contain improper charges [or mistakes] does not, in and of itself, establish that a plaintiff wilfully exaggerated a lien" (*Capogna v Guella*, 41 AD3d 522, 523 [2007]; see *Goodman v Del-Sa-Co Foods*, 15 NY2d 191, 194 [1965]; *Balemian v LB Real Estate Dev. Corp.*, 226 AD2d 223 [1996]). Since the appellants failed to meet this burden, we need not consider the sufficiency of the papers submitted by the plaintiff in opposition (see *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

The appellants' remaining contentions are without merit. Accordingly, the Supreme Court properly denied that branch of the appellants' motion which was for summary judgment dismissing the complaint insofar as asserted against them. Rivera, J.P., Balkin, Leventhal and Roman, JJ., concur.