■ MADISON AVENUE DIAMONDS LLC et al., Appellants, v KGK JEWELRY LLC, Respondent. [39 NYS3d 18]—

Judgment, Supreme Court, New York County (Charles E. Ramos, J.), entered February 29, 2016, which, inter alia, awarded defendant-counterclaim plaintiff KGK Jewelry LLC damages in the principal amount of $2,375,000, and bringing up for review an order, same court and Justice, entered on or about August 21, 2015, which granted KGK's motion for summary judgment dismissing plaintiffs Madison Avenue Diamonds LLC and Shaindy Lax's complaint, and denied as moot their cross motion to compel discovery and for leave to file a

second amended complaint, unanimously affirmed, with costs. Appeal from the aforesaid order, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

Plaintiff Madison is a wholesaler of jewelry. Plaintiff Lax is Madison's personal guarantor. Defendant KGK was Madison's exclusive manufacturer for the jewelry. Madison and KGK entered into a settlement agreement in which Madison agreed to pay outstanding amounts for jewelry over the time after KGK returned computer files used to manufacture the jewelry.

KGK's delivery of the converted computer files on Monday August 13, 2012, one day after the 45-day period provided for in the parties' settlement agreement, was permissible under General Construction Law § 25. Nothing in the agreement suggests an intent that August 12, 2012 was to be a firm deadline such that failure to deliver the files by that date constitutes a material breach of the agreement. That one of the 166 files was missing critical information did not render KGK in breach, as KGK was in substantial compliance (*see Balemian v LB Real Estate Dev. Corp.*, 226 AD2d 223, 224 [1st Dept 1996]).

Plaintiffs have not demonstrated that facts essential to justify opposition to summary judgment may exist but cannot be stated (*see* CPLR 3212 [f]). The proof submitted thus far undermines its contention that KGK had further breached the agreement by counterfeiting jewelry.

We decline to vacate the judgment award. Plaintiffs have not set forth any authority that would require KGK to liquidate the collateral held for purposes of mitigating damages, and nothing in the parties' agreements so provides. Concur—Mazzarelli, J.P., Sweeny, Acosta, Moskowitz and Gesmer, JJ.