Bedoya v Rodriguez (2020 NY Slip Op 04910)





Bedoya v Rodriguez


2020 NY Slip Op 04910


Decided on September 16, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 16, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JOHN M. LEVENTHAL
ROBERT J. MILLER
FRANCESCA E. CONNOLLY, JJ.


2018-00619
 (Index No. 1849/14)

[*1]Pedro Bedoya, et al., respondents,
v
Jairo Rodriguez, et al., appellants.


Cooper & Paroff, P.C., Kew Gardens, NY (Ira G. Cooper of counsel), for appellants.
Ginsberg & Katsorhis, P.C., (Kerry J. Katsorhis of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract and unjust enrichment, the defendants appeal from a judgment of the Supreme Court, Queens County (Elizabeth Yablon, Ct. Atty. Ref.), entered November 24, 2017. The judgment, upon an amended decision and order (one paper) of the same court dated October 26, 2017, is in favor of the plaintiffs and against the defendants in the principal sum of $220,000, and, in effect, dismissing the defendants' counterclaims.
ORDERED that the judgment is affirmed, with costs.
On or about June 2012, the defendant Jairo Rodriguez and the plaintiff Pedro Bedoya began discussing the sale of Rodriguez's bar, the defendant Hairo's Place, Inc., to Bedoya. Several documents were prepared around this time to reflect the sale, including a lease and a document titled "Promise of Sale and Lease of Hairo's Place, Inc." (hereinafter Promise of Sale), which was signed by Rodriguez only, and which stated, among other things, that the sale was "subject to approval of [a] liquor license." Bedoya gave a down payment to Rodriguez. Bedoya was issued a temporary liquor license effective January 22, 2013, and operated the bar under this temporary liquor license until April 2013, when he received a notice of disapproval from the state liquor authority. Based on his understanding of the agreement with Rodriguez, Bedoya attempted to get his money back from Rodriguez, but when this proved unsuccessful, he surrendered the keys to the premises to Rodriguez.
Bedoya and the plaintiffs Bernardita Vargas and Pirulos Carambolas Bar Corp. then commenced the instant action against the defendants seeking, inter alia, to recover damages for breach of contract and unjust enrichment. In their answer, the defendants asserted counterclaims alleging breach of contract, and seeking to recover the remaining balance due under both the purchase agreement for the bar and the lease and attorney's fees. Following a nonjury trial, the Supreme Court found in favor of the plaintiffs on their unjust enrichment cause of action, and dismissed the plaintiffs' remaining causes of action as well as the defendants' counterclaims. The defendants appeal from a judgment in favor of the plaintiffs and against them in the principal sum of $220,000.
"A condition precedent is an act or event, other than a lapse of time, which, unless [*2]the condition is excused, must occur before a duty to perform a promise in the agreement arises'" (Oppenheimer & Co. v Oppenheim, Appel, Dixon & Co., 86 NY2d 685, 690, quoting Calamari and Perillo, Contracts § 11-2 at 438 [3d ed]; see Restatement [Second] of Contracts § 224; see also Merritt Hill Vineyards v Windy Hgts. Vineyard, 61 NY2d 106, 112-113). As is relevant here, a condition precedent can be "a condition precedent to the formation or existence of the contract itself" (Oppenheimer & Co. v Oppenheim, Appel, Dixon & Co., 86 NY2d at 690), where "no contract arises unless and until the condition occurs'" (id., quoting Calamari and Perillo, Contracts § 11-5 at 440; see IDT Corp. v Tyco Group, S.A.R.L., 13 NY3d 209, 214). Here, the Supreme Court's determination that the final approval of the liquor license was a condition precedent to the formation of the contract was "warranted by the facts" (Northern Westchester Professional Park Assocs. v Town of Bedford, 60 NY2d 492, 499; see Oppenheimer & Co. v Oppenheim, Appel, Dixon & Co., 86 NY2d at 690). According to the testimony of Bedoya and Rodriguez, the Promise of Sale was part of the overall agreement to purchase the bar.
We see no reason to disturb the Supreme Court's determination regarding the plaintiffs' unjust enrichment cause of action (see Ardmar Realty Co. v Building Inspector of Vil. of Tuckahoe, 5 AD3d 517, 518). A successful unjust enrichment cause of action requires a plaintiff to prove that "(1) the other party was enriched, (2) at that party's expense, and (3) that it is against equity and good conscience to permit [the other party] to retain what is sought to be recovered" (Mandarin Trading Ltd. v Wildenstein, 16 NY3d 173, 182 [internal quotation marks omitted]). Here, since the liquor license ultimately was not approved, the contract of sale for the bar did not become binding upon the parties. Thus, by refusing to return the plaintiffs' down payment for the purchase, the defendants essentially retained the plaintiffs' money for no consideration, thereby becoming enriched at the plaintiffs' expense. It would therefore be against equity and good conscience to allow the defendants to retain the $220,000 paid by the plaintiffs (see UETA Latinamerica, Inc. v Zafir, 129 AD3d 704, 706; Suntrust Mtge., Inc. v Mooney, 113 AD3d 836, 836; cf. IDT Corp. v Morgan Stanley Dean Witter & Co., 12 NY3d 132, 142).
We agree with the Supreme Court's determination to dismiss the defendants' counterclaims, which alleged breach of contract and sought to recover attorney's fees. As the court correctly found that the condition precedent prevented the contract from forming, there can be no breach of contract, since no contract was formed (see Mandarin Trading Ltd. v Wildenstein, 16 NY3d at 181-182; Schaffe v SimmsParris, 82 AD3d 867, 868).
The defendants' remaining contentions are without merit.
BALKIN, J.P., LEVENTHAL, MILLER and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court