Adria Infrastructure, LLC v Henick-Lane, Inc. (2022 NY Slip Op 04614)

Adria Infrastructure, LLC v Henick-Lane, Inc.

2022 NY Slip Op 04614

Decided on July 20, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 20, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
JOSEPH J. MALTESE
LARA J. GENOVESI, JJ.

2019-02276
 (Index No. 100930/15)

[*1]Adria Infrastructure, LLC, appellant,
v
Henick-Lane, Inc., respondent, et al., defendants.

Tarter Krinsky & Drogin, LLP, New York, NY (Christopher Cobb and Cathleen Cassidy of counsel), for appellant.
Cohen Seglias Pallas Greenhall & Furman, P.C., New York, NY (George E. Pallas, Carol A. Sigmond, Gary J. Repke, Jr., and Richard J. Fusco of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to foreclose a lien, the plaintiff appeals from an order of the Supreme Court, Richmond County (Kim Dollard, J.), dated January 2, 2019. The order, insofar as appealed from, denied the plaintiff's motion for leave to file a second amended complaint to the extent that it sought to remove the cause of action to foreclose a mechanic's lien dated March 31, 2015, and to the extent that it sought to add a cause of action to recover damages for breach of a 2013 settlement agreement, and granted that branch of the motion of the defendant Henick-Lane, Inc., which was to reinstate the mechanic's lien dated March 31, 2015, at a value of $0.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff and the defendant Henick-Lane, Inc. (hereinafter Henick), entered into a subcontract for the plaintiff to perform work on a construction project. The plaintiff filed various liens in connection with the work. In 2015, the plaintiff commenced this action, inter alia, to foreclose two liens, one from 2013 and one from 2015. Henick filed an answer which included counterclaims alleging wilful exaggeration of the liens. The plaintiff later discharged the liens and moved for leave to file a second amended complaint eliminating the lien foreclosure causes of action and adding new causes of action. Henick moved, inter alia, to reinstate the 2015 lien but at a value of $0. The Supreme Court, among other things, denied the plaintiff's motion to the extent that it sought to remove the cause of action to foreclose the mechanic's lien dated March 31, 2015, and to the extent that it sought to add a cause of action to recover damages for breach of a 2013 settlement agreement, and granted that branch of Henick's motion which was to reinstate the mechanic's lien dated March 31, 2015, at a value of $0. The plaintiff appeals. We affirm.
The principal issue presented by this appeal concerns the effect of the plaintiff's discharge of the 2015 lien and whether the lien can be reinstated to preserve Henick's wilful exaggeration counterclaim.
Section 39 of the Lien Law provides that: "In any action . . . to enforce a mechanic's lien . . . if the court shall find that a lienor has wilfully exaggerated the amount for which he claims a lien as stated in his notice of lien, his lien shall be declared to be void." Where a lien has been discharged under this section, Lien Law § 39-a permits the recovery of damages. Thus, section 39-a [*2]of the Lien Law provides: "Where in any action . . . to enforce a mechanic's lien . . . the court shall have declared said lien to be void on account of wilful exaggeration the person filing such notice of lien shall be liable in damages to the owner or contractor."
"However, '[t]he Legislature intended the remedy in Lien Law § 39-a to be available only where the lien was valid in all other respects and was declared void by reason of willful exaggeration after a trial of the foreclosure action'" (Degraw Constr. Group, Inc. v McGowan Bldrs., Inc., 178 AD3d 770, 771, quoting Guzman v Estate of Fluker, 226 AD2d 676, 678). "'[T]he remedy in Lien Law § 39-a requires a finding that the lienor deliberately and intentionally exaggerated the lien amount, and is available only where the lien is otherwise valid'" (Degraw Constr. Group, Inc. v McGowan Bldrs., Inc., 178 AD3d at 771 [emphasis omitted], quoting Saratoga Assoc. Landscape Architects, Architects, Engrs. & Planners, P.C. v Lauter Dev. Group, 77 AD3d 1219, 1223; see Wellbilt Equip. Corp. v Fireman, 275 AD2d 162, 165-166).
The Supreme Court correctly determined that the plaintiff's 2015 lien should be reinstated in order to allow Henick to pursue its wilful exaggeration counterclaim (see Wolff & Munier v South Ferry Bldg. Co., 52 AD2d 786). Pursuant to the Lien Law, the lien filed by the plaintiff was required to be in existence at the time of trial in order to allow for the pursuit of a wilful exaggeration counterclaim by Henick. Thus, as determined by the Supreme Court, the reinstatement of the 2015 lien was necessary in order to permit Henick's counterclaim to continue.
Under the circumstances, the Supreme Court properly denied the plaintiff's motion to the extent that it sought to remove the cause of action to foreclose the mechanic's lien dated March 31, 2015, and granted that branch of Henick's motion which was to reinstate the mechanic's lien dated March 31, 2015, at a value of $0.
The plaintiff's remaining contention is without merit.
DILLON, J.P., DUFFY, MALTESE and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court