Consumer Protection Restoration, LLC v Hickory House Tenants Corp. (2025 NY Slip Op 01350)

Consumer Protection Restoration, LLC v Hickory House Tenants Corp.

2025 NY Slip Op 01350

Decided on March 12, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 12, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
LINDA CHRISTOPHER
BARRY E. WARHIT
CARL J. LANDICINO, JJ.

2023-01105
 (Index No. 31285/18)

[*1]Consumer Protection Restoration, LLC, et al., appellants, 
v
Hickory House Tenants Corp., respondent, et al., defendant.

Munzer & Saunders, LLP, New York, NY (Craig A. Saunders of counsel), for appellants.
Wayne A. Gavioli, P.C., Nanuet, NY, for respondent.

DECISION & ORDER
In an action, inter alia, to foreclose two mechanic's liens and to recover damages for breach of contract and unjust enrichment, the plaintiffs appeal from a judgment of the Supreme Court, Rockland County (Paul I. Marx, J.), dated February 2, 2023. The judgment, upon a decision of the same court dated January 18, 2023, made after a nonjury trial, (1) is in favor of the plaintiffs and against the defendant Hickory House Tenants Corp. on the cause of action to recover damages for unjust enrichment in the principal sum of only $1,595,258.08, without prejudgment interest, and (2) is in favor of the defendant Hickory House Tenants Corp. against the plaintiffs on that defendant's counterclaim pursuant to Lien Law §§ 39 and 39-a to declare the subject mechanic's liens void on the ground that they were willfully exaggerated and for damages and an award of attorneys' fees in the sum of $3,776,026.16, representing damages for willful exaggeration of the mechanic's liens, and the sum of $261,692.17, representing attorneys' fees.
ORDERED that the judgment is modified, on the law, on the facts, and in the exercise of discretion, by deleting the provision thereof awarding the defendant Hickory House Tenants Corp. attorneys' fees in the sum of $261,692.17; as so modified, the judgment is affirmed, with costs to the defendant Hickory House Tenants Corp., and the matter is remitted to the Supreme Court, Rockland County, for a new determination of the amount of attorneys' fees to be awarded to the defendant Hickory House Tenants Corp. pursuant to Lien Law § 39-a in accordance herewith, and the entry of an appropriate amended judgment thereafter.
The underlying facts of this action are summarized in the related appeals decided herewith (see Consumer Protection Restoration, LLC v Hickory House Tenants Corp., _____ AD3d _____ [Appellate Division Docket Nos. 2020-04083, 2020-04920]; Consumer Protection Restoration, LLC v Hickory House Tenants Corp., _____ AD3d _____ [Appellate Division Docket Nos. 2020-08827, 2020-08906]).
Following extensive pretrial motion practice in this action, a nonjury trial was held (1) on the plaintiffs' cause of action to recover damages for unjust enrichment under a quantum meruit theory against the defendant Hickory House Tenants Corp. (hereinafter Hickory House), for work the plaintiffs performed for Hickory House, (2) on Hickory House's counterclaim pursuant to [*2]Lien Law §§ 39 and 39-a to declare the subject mechanic's liens void on the ground that they were willfully exaggerated and for damages and an award of attorneys' fees (hereinafter the first counterclaim), and (3) to assess the amount of damages, including attorneys' fees, if any, to be awarded on Hickory House's first counterclaim. In a decision dated January 18, 2023, the Supreme Court (1) determined that the plaintiffs were entitled to damages on their unjust enrichment cause of action in the sum of $1,595,258.08, without prejudgment interest pursuant to CPLR 5001, and (2) determined that Hickory House was entitled to damages on the first counterclaim in the sum of $3,776,026.16, representing the amount by which Hickory House alleged that the plaintiffs willfully exaggerated the mechanic's liens, and the sum of $261,692.17, representing attorneys' fees. Judgment was then entered upon the decision. The plaintiffs appeal.
"Section 39 of the Lien Law provides that '[i]n any action . . . to enforce a mechanic's lien . . . if the court shall find that a lienor has wilfully exaggerated the amount for which he [or she] claims a lien as stated in his [or her] notice of lien, his [or her] lien shall be declared to be void.' Where a lien has been discharged under this section, Lien Law § 39-a permits the recovery of damages. Thus, section 39-a of the Lien Law provides: 'Where in any action . . . to enforce a mechanic's lien . . . the court shall have declared said lien to be void on account of wilful exaggeration the person filing such notice of lien shall be liable in damages to the owner or contractor'" (Adria Infrastructure, LLC v Henick-Lane, Inc., 207 AD3d 604, 605-606, quoting Lien Law §§ 39, 39-a). "The damages which said owner or contractor shall be entitled to recover, shall include," inter alia, "reasonable attorneys' fees for services in securing the discharge of the lien, and an amount equal to the difference by which the amount claimed to be due or to become due as stated in the notice of lien exceeded the amount actually due or to become due thereon" (Lien Law § 39-a).
"'[T]he remedy in Lien Law § 39-a requires a finding that the lienor deliberately and intentionally exaggerated the lien amount, and is available only where the lien is otherwise valid'" (Degraw Constr. Group, Inc. v McGowan Bldrs., Inc., 178 AD3d 770, 771, quoting Saratoga Assoc. Landscape Architects, Architects, Engrs. & Planners, P.C. v Lauter Dev. Group, 77 AD3d 1219, 1223 [emphasis omitted]; see Adria Infrastructure, LLC v Henick-Lane, Inc., 207 AD3d at 606). "'The fact that a lien may contain improper charges [or mistakes] does not, in and of itself, establish that a plaintiff wilfully exaggerated a lien'" (Park Place Carpentry & Bldrs., Inc. v DiVito, 74 AD3d 928, 929, quoting Capogna v Guella, 41 AD3d 522, 523; see Goodman v Del-Sa-Co Foods, 15 NY2d 191). "Lien Law § 39-a must be strictly construed in favor of the party against whom the penalty is sought to be imposed" (Capogna v Guella, 41 AD3d at 523). "The burden is upon the opponent of the lien to show that the amounts set forth were 'intentionally and deliberately exaggerated'" (Garrison v All Phase Structure Corp., 33 AD3d 661, 662, quoting Fidelity N.Y. v Kensington-Johnson Corp., 234 AD2d 263, 263).
The plaintiffs' contention that the Supreme Court improperly awarded Hickory House summary judgment on the first counterclaim is without merit because, in opposition to Hickory House's prima facie showing that the plaintiffs willfully exaggerated the mechanic's liens, the plaintiffs failed to raise a triable issue of fact (see LMF-RS Contr., Inc. v Kaljic, 126 AD3d 436, 437; Abra Constr. Corp. v 112 Duane Assoc., LLC, 59 AD3d 263, 264; cf. Ebenezer Full Gospel Assembly v Makan Exports, Inc., 8 AD3d 329, 330).
"In reviewing a determination made after a nonjury trial, the power of this Court is as broad as that of the trial court, and this Court may render the judgment it finds 'warranted by the facts,' bearing in mind that in a close case, the trial judge had the advantage of seeing the witnesses" (McGowan v State of New York, 79 AD3d 984, 986, quoting Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499; see Castaldi v Syosset Cent. Sch. Dist., 203 AD3d 690). The determinations awarding the plaintiffs damages on the unjust enrichment cause of action in the sum of $1,595,258.08 and awarding Hickory House damages on the first counterclaim in the sum of $3,776,026.16 for willful exaggeration of the mechanic's liens were warranted by the facts (see Bedoya v Rodriguez, 186 AD3d 1308, 1309; DiSario v Rynston, 138 AD3d 672).
However, the award of attorneys' fees in favor of Hickory House in the sum of $261,692.17 was calculated by using an arbitrary formula equal to 12% of Hickory House's net [*3]award. The award of attorneys' fees should be based upon "reasonable attorney's fees for services in securing the discharge of the lien" (Lien Law § 39-a). Here, the mechanic's liens were discharged when Hickory House was awarded summary judgment on the first counterclaim. Thereafter, the plaintiffs moved in this Court, inter alia, to reinstate the mechanic's liens pending the hearing and determination of an appeal from an order dated March 25, 2020, which motion was denied. The plaintiffs also challenged the determination in the March 25, 2020 order granting that branch of Hickory House's motion which was for summary judgment on the first counterclaim in an unsuccessful motion for reargument. However, that challenge was primarily to the damages to be awarded on the first counterclaim for willful exaggeration of the mechanic's liens and not to reinstate the liens. Therefore, upon remittal, the Supreme Court is directed to make a new determination of the amount of attorneys' fees to be awarded to Hickory House pursuant to Lien Law § 39-a based upon the legal fees incurred in securing the discharge of the mechanic's liens and the subsequent challenges to the determination granting that branch of Hickory House's motion which was for summary judgment on the first counterclaim for willful exaggeration of the mechanic's liens—and not relating to other issues, such as damages on the first counterclaim and on the plaintiffs' cause of action to recover damages for unjust enrichment.
The Supreme Court denied prejudgment interest to the plaintiffs. CPLR 5001(a) provides that "[i]nterest shall be recovered upon a sum awarded because of a breach of performance of a contract . . . except that in an action of an equitable nature, interest and the rate and date from which it shall be computed shall be in the court's discretion." However, case law indicates that an award of predecision or preverdict interest pursuant to CPLR 5001 on a damages award on a cause of action to recover damages for unjust enrichment under a quantum meruit theory is generally mandatory, "as it would be on a damages award on a cause of action to recover damages for breach of contract" (Tesser v Allboro Equip. Co., 73 AD3d 1023, 1027, citing Brent v Keesler, 32 AD2d 804, 805). However, there are circumstances when interest may be denied in the exercise of the court's discretion (see Precision Founds. v Ives, 4 AD3d 589). Interest on the cost of work in quantum meruit generally is awarded from the date of demand for payment (see Atlas Refrigeration-Air Conditioning, Inc. v Lo Pinto, 33 AD3d 639), but if demand is made before completion of services, interest should be awarded from the date of completion of services (see Brent v Keesler, 32 AD2d at 805). However, in this case, the services were not completed, and Hickory House did not know what amount was awarded on the unjust enrichment cause of action until the court issued its decision. There was no amount due since the award on the unjust enrichment cause of action was used as a setoff reducing Hickory House's damages. Under the circumstances of this case, the court providently exercised its discretion in denying prejudgment interest to the plaintiffs on the award on the unjust enrichment cause of action.
The plaintiffs' remaining contentions are without merit.
BARROS, J.P., CHRISTOPHER, WARHIT and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court