■ FIRST NATIONAL BANK OF HUDSON VALLEY, Appellant, v STEWART T. SCHANTZ et al., Defendants and Third-Party Plaintiffs-Respondents, et al., Defendants. JOHN C. VAN WORMER, Third-Party Defendant-Appellant, et al., Third-Party Defendant. [677 NYS2d 589] —In an action to foreclose consolidated mortgages, (1) the plaintiff appeals from so much of an order of the Supreme Court, Dutchess County (Hickman, J.), dated February 28, 1997, as granted that branch of the motion of the defendants third-party plaintiffs which was to amend their answer and denied those branches of its cross motion which were to dismiss the third, fourth, and eighth affirmative defenses, as well as all counterclaims except the first contained in the amended answer; and (2) the third-party defendant John Charles Van Wormer separately appeals from so much of the same order as granted those branches of the motion of the defendants third-party plaintiffs which were to (a) renew so much of the third-party defendants' prior motion as was to dismiss the third-party complaint insofar as asserted against him, and (b) amend the third-party complaint insofar as asserted against him.

Ordered that the order is modified, by deleting therefrom the provision denying those branches of the plaintiff's cross motion which were for summary judgment dismissing the third, fourth, and eighth affirmative defenses set forth in the answer and substituting therefor a provision granting those branches of the plaintiff's cross motion; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiff.

The Supreme Court did not err in allowing the defendants third-party plaintiffs Stewart T. Schantz and Stewart T. Schantz, P. C. (hereinafter collectively referred to as Schantz) to supplement the answer and the third-party complaint

against John Charles Van Wormer. Schantz's renewal motion was based on a claim of newly-discovered evidence, namely, copies of certain internal memoranda of the plaintiff which indicated its intention to remove Schantz, and to persuade all of its clients to remove Schantz, from all matters on which he was acting as executor, trustee, administrator, or counsel. Schantz alleged that this conduct evidenced the plaintiff's and Van Wormer's wrongful inducement of a breach of contract and wrongful interference with business relations. Because the record indicates, and neither the plaintiff nor Van Wormer disputes, that the contents of these internal memoranda were not known to Schantz at the time the initial motion to dismiss the third-party complaint was made, renewal was properly granted (*see,* CPLR 2221; *cf., Pahl Equip. Corp. v Kassis,* 182 AD2d 22; *Foley v Roche,* 68 AD2d 558).

Furthermore, the court did not improvidently exercise its discretion in allowing Schantz to supplement his answer and third-party complaint by interposing the aforementioned claims against the plaintiff and Van Wormer, inasmuch as Schantz made a prima facie showing of merit regarding these allegations (*see, e.g., McKiernan v McKiernan,* 207 AD2d 825). There has been no indication that prejudice would result, as the plaintiff and Van Wormer would not be hindered in the preparation of their case or prevented from demonstrating the merits of their position (*see, e.g., Curiale v Weicholz & Co.,* 192 AD2d 339).

With regard to the plaintiff's cross motion for summary judgment, it was entitled to dismissal of all affirmative defenses, as Schantz's opposition was either entirely speculative or devoid of merit.

The plaintiff's remaining contentions are not preserved for appellate review. Sullivan, J. P., Pizzuto, Altman and Friedmann, JJ., concur.