EBENEZER FULL GOSPEL ASSEMBLY, Respondent-Appellant, v MAKAN EXPORTS, INC., Appellant-Respondent, et al., Defendant. (And a Third-Party Action.) [777 NYS2d 725]—

In an action, inter alia, to recover damages for breach of contract, the defendant Makan Exports, Inc., appeals from so much of (1) an order of the Supreme Court, Rockland County (Nelson, J.), dated March 18, 2003, as granted that branch of the plaintiff's motion which was for summary judgment on its cause of action alleging breach of contract, (2) an order of the same court dated July 28, 2003, as, upon reargument and renewal, adhered to the prior determination granting that branch of the plaintiff's motion which was for summary judgment on its cause of action alleging breach of contract, and, (3) an order of the same court dated November 10, 2003, as upon renewal, adhered to the prior determination in the order dated March 18, 2003, granting that branch of the plaintiff's motion which was for summary judgment on its cause of action alleging breach

of contract, and the plaintiff cross-appeals from so much of the order dated March 18, 2003, as denied that branch of its motion which was for summary judgment on its cause of action pursuant to Lien Law § 39 to set aside the defendants' mechanic's lien on the ground of willful exaggeration.

Ordered that the appeals from the orders dated March 18, 2003, and July 28, 2003, are dismissed, without costs or disbursements, as the portions of those orders which were appealed from were superseded by the order dated November 10, 2003, made upon renewal; and it is further,

Ordered that the order dated November 10, 2003, is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the order dated March 18, 2003, is affirmed insofar as cross-appealed from, without costs or disbursements.

A party moving for summary judgment must make a prima facie showing of entitlement to judgment as a matter of law, offering sufficient evidence to demonstrate the absence of any material issue of fact (*see Alvarez v Prospect Hosp.,* 68 NY2d 320 [1986]; *Zuckerman v City of New York,* 49 NY2d 557 [1980]). Here, the plaintiff demonstrated the absence of any material issue of fact with respect to its cause of action alleging breach of contract. The defendants failed to complete certain jobs required under the parties' construction contract in order to receive installment payments and then refused to complete the construction of the plaintiff's church. Therefore, the motion was sufficient to establish a prima facie case for summary judgment (*see Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851 [1985]; *Zuckerman v City of New York, supra*). In opposition, the defendants failed to raise a triable issue of fact with respect to the plaintiff's cause of action alleging breach of contract.

The Supreme Court also correctly held that the plaintiff was not entitled to summary judgment on its cause of action pursuant to Lien Law § 39 to set aside the defendants' mechanic's lien on the ground of willful exaggeration. The plaintiff did not show that the defendants' claim that it was owed $150,000 was overstated or that the defendants did not expend the amounts they claimed to have expended while working on the plaintiff's construction project.

The parties' remaining contentions are without merit. Santucci, J.P., Schmidt, Townes and Mastro, JJ., concur.