■ BANK OF AMERICA, N.A., Appellant, v J.P.T. AUTOMOTIVE, INC., Respondent. [861 NYS2d 681]—

In an action to recover damages for breach of contract, the plaintiff appeals from so much of an order of the Supreme Court, Nassau County (Spinola, J.), dated October 3, 2007, as amended by an order of the same court dated November 19, 2007, as denied those branches of its motion which were for summary judgment dismissing the defendant's second, third, and fourth affirmative defenses, and for summary judgment on the complaint.

Ordered that the order, as amended, is reversed insofar as appealed from, on the law, with costs, and those branches of the plaintiff's motion which were for summary judgment dismissing the defendant's second, third, and fourth affirmative defenses, and for summary judgment on the complaint are granted.

The plaintiff bank had a retail dealer agreement with the defendant car dealership, pursuant to which financing agreements for vehicles sold by the defendant were assigned to the plaintiff. That agreement required the defendant, as to each contract assigned to the plaintiff, inter alia, to ensure that the buyer was the person whom he, she, or it purported to be and did not fraudulently use the identity of another to purchase the vehicle, to ensure that the buyer had a valid driver's license, and to inspect such license and compare and verify the signature thereon with a signature written in the defendant's presence. If the defendant breached any representation in the retail dealer agreement, upon demand by the plaintiff, the defendant was obligated to repurchase the assigned contract.

In this action to recover damages for breach of contract, the plaintiff alleged that the defendant assigned a contract to it which the defendant had entered into with an identity thief, and that, despite due demand, the defendant refused to repurchase the assigned contract. In its answer, the defendant raised, inter alia, the affirmative defenses of failure to mitigate damages, failure to locate and safeguard the vehicle, and failure to verify the identity of the purchaser of the vehicle. The

plaintiff moved to dismiss those affirmative defenses and for summary judgment on its cause of action to recover damages for breach of contract. The Supreme Court denied the motion, and we reverse.

A vice-president of the plaintiff averred in an affidavit in support of the motion that upon being notified by the purported purchaser of the vehicle that she was a victim of identity theft, and had not entered into the financing agreement, the plaintiff investigated and ultimately located and repossessed the vehicle and sold it at public auction. The defendant's unsubstantiated and speculative assertion that the plaintiff could have done something more to mitigate damages is insufficient to rebut the plaintiff's prima facie showing of entitlement to dismissal of the affirmative defenses of failure to mitigate damages and failure to locate and safeguard the vehicle (*see Vita v New York Waste Servs., LLC*, 34 AD3d 559 [2006]). Moreover, the plaintiff also established entitlement to dismissal of the affirmative defense of failure to verify the identity of the purchaser, as the retail dealer agreement unambiguously placed this responsibility on the defendant.

Finally, the plaintiff established its prima facie entitlement to judgment as a matter of law on the cause of action to recover damages for breach of contract, offering sufficient evidence to demonstrate the absence of any material issue of fact (*see Ebenezer Full Gospel Assembly v Makan Exports, Inc.*, 8 AD3d 329 [2004]) as to whether the defendant complied with its contractual obligation to verify the identity of the purchaser of the vehicle and repurchase the security contract upon the plaintiff's demand. In opposition, the defendant's unsubstantiated, feigned, and hearsay contention that the identity theft was a false claim is insufficient to defeat summary judgment (*see Semerjian v County of Suffolk*, 282 AD2d 518 [2001]; *Assing v United Rubber Supply Co.*, 126 AD2d 590 [1987]). Skelos, J.P., Miller, Dillon and Eng, JJ., concur.