M & T Bank v DelVecchio (2018 NY Slip Op 03971)





M & T Bank v DelVecchio


2018 NY Slip Op 03971


Decided on June 6, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 6, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOHN M. LEVENTHAL
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON, JJ.


2016-12109
 (Index No. 607752/15)

[*1]M & T Bank, appellant, 
v
Michael D. DelVecchio, etc., respondent.


Rupp Baase Pfalzgraf Cunningham LLC, Buffalo, NY (Kyle C. DiDone of counsel), for appellant.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Suffolk County (James Hudson, J.), dated October 12, 2016. The order denied the plaintiff's motion for summary judgment, in effect, on the cause of action alleging breach of a home equity line of credit agreement and seeking to recover the outstanding principal balance of $158,444.05, plus interest, costs, disbursements, late fees, and counsel fees.
ORDERED that the order is reversed, on the law, with costs, and the plaintiff's motion for summary judgment, in effect, on the cause of action alleging breach of a home equity line of credit agreement and seeking to recover the outstanding principal balance of $158,444.05, plus interest, costs, disbursements, late fees, and counsel fees, is granted.
In September 2005, the plaintiff and the defendant entered into a home equity line of credit agreement (hereinafter the agreement) whereby the plaintiff agreed to extend to the defendant a line of credit in the amount of $100,000, and the defendant agreed to make monthly payments. In January 2008, the line of credit was increased from $100,000 to $168,300. The agreement provided that the defendant would be in default if he failed to meet any of its repayment terms for a period of 30 days and that, in the event of a default, the plaintiff could demand that the defendant "pay the outstanding balance on this Account in one payment." In January 2014, the defendant failed to tender payment for that month and for successive months. In a letter dated April 18, 2014, the plaintiff informed the defendant that his account was past due, he was in "serious default," and he needed to pay $1,824.08 within five days to bring the account up to date. In a letter to the defendant dated June 8, 2015, the plaintiff, by its attorneys, demanded payment within 30 days of the outstanding principal in the amount of $158,444.05.
In July 2015 the plaintiff commenced this action alleging breach of contract and unjust enrichment. Issue was joined in December 2015 and, in May 2016, the plaintiff moved for summary judgment, in effect, on the breach of contract cause of action to recover the outstanding principal balance of $158,444.05, plus interest, costs, disbursements, late fees, and counsel fees. The motion was supported, inter alia, by the affidavit of a banking officer employed by the plaintiff who attested that she had personal knowledge of the matter and was familiar with all of the corporate records, files, and documents related thereto, including those evidencing the defendant's default and the plaintiff's efforts to recover payment. The defendant opposed the motion, arguing that on or about July 30, 2014, the plaintiff wrongfully rejected his offer to tender payment of the sum of [*2]$5,000. The Supreme Court denied the motion, and the plaintiff appeals.
The plaintiff made a prima facie showing of its entitlement to judgment as a matter of law by submitting, inter alia, a copy of the agreement and the affidavit of the banking officer evidencing the defendant's obligations under the agreement and his failure to make payment in accordance with its terms (see J.P. Morgan Chase Bank, N.A. v Lanar Sys., Inc., 120 AD3d 764; New York Community Bank v Fessler, 88 AD3d 667). In opposition, the defendant failed to raise a triable issue of fact as to any bona fide defense (see Bank of Am., N.A. v DeNardo, 151 AD3d 1008, 1010), as his contentions were unsubstantiated and speculative (see Bank of Am., N.A. v J.P.T. Automotive, Inc., 52 AD3d 553, 555; First Natl. Bank of Hudson Val. v Schantz, 253 AD2d 735, 736).
Accordingly, the Supreme Court should have granted the plaintiff's motion for summary judgment, in effect, on the cause of action alleging breach of the agreement and seeking to recover the outstanding principal balance of $158,444.05, plus interest, costs, disbursements, late fees, and counsel fees.
DILLON, J.P., LEVENTHAL, CONNOLLY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court