■ P. J. Panzeca, Inc., Respondent, v Joseph Alizio et al., Appellants. (And Another Title.)—In an action to foreclose a mechanic's lien, defendants appeal from so much of a judgment of the Supreme Court, Nassau County, entered May 12, 1975, after a nonjury trial, as (1) is in favor of plaintiff and against them and (2) adjudged that the lien was valid and subsisting. Judgment affirmed insofar as appealed from, without costs or disbursements. In our opinion, the decision of the trial court with respect to the issues raised on this appeal was correct and is fully supported by the evidence. It is obvious that as the owner did not pay to the contractor the amounts due under the raw-cost-without-profit agreement, the contractor concluded—in good faith—that he was entitled to claim the reasonable value of the material and labor—including a percentage for overhead and profit. This accounts for what appellants incorrectly characterize as "willful exaggeration", an "exaggeration" which evaporates when the overhead and profit percentages are applied to (i.e., deducted from) the reasonable value of material and labor figures claimed in the notice of lien, rather than added to a figure ($2,299.99) which represents a difference between other figures. Willful exaggeration was clearly not established (see *E-J Elec. Installation Co. v Miller & Raved,* 51 AD2d 264). Hopkins, Acting P. J., Martuscello, Latham, Titone and Hawkins, JJ., concur.

■ William Pedro, as Guardian and Natural Parent of John W. Pedro, an Infant, et al., Appellants, v Edward Phillips, Respondent, et al., Defendant.—In a negligence action to recover damages for personal injuries, etc., plaintiffs appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Queens County, entered May 12, 1975, upon a jury verdict after a trial on the issue of liability only, as is against them and in favor of defendant Edward Phillips. Judgment affirmed, insofar as appealed from, without costs or disbursements. Even if the trial court's charge to the jury with respect to the violation of a statute by the infant plaintiff was improper (see PJI 2:49 and comment thereto), the other portions of the charge overcame any possible harm. A verdict for the plaintiffs herein would have been contrary to the weight of the evidence. Cohalan, Acting P. J., Margett, Damiani, Rabin and Shapiro, JJ., concur.