■ ARENA CONSTRUCTION COMPANY, INC., Appellant-Respondent, v TOWN OF HARRISON, Respondent-Appellant.—In an action to recover damages for breach of contract, the parties cross-appeal from an order of the Supreme Court, Westchester County, entered June 28, 1978, which (1) granted that branch of the defendant's motion which sought dismissal of the complaint, (2) denied that branch of the defendant's motion which sought confirmation of the architect's decision, (3) remanded the plaintiff's claims to the architect for a *de novo* determination, after a hearing, and (4) made no disposition of plaintiff's cross motion for leave to serve an amended complaint. Order modified by deleting the provisions thereof which granted that branch of the defendant's motion which sought to dismiss the complaint and remanded the plaintiff's claims to the architect for a *de novo* determination

and substituting therefor provisions denying said branch of the defendant's motion and granting the plaintiff's cross motion to amend its complaint. As so modified, order affirmed, without costs or disbursements. Plaintiff and defendant entered into a contract for the construction of a new town house. The contract provided, among other things, that all claims of the parties and all questions or disputes relating to the execution and progress of the work, the contractor's performance, and the interpretation of the contract shall be determined by the architect, whose decision shall be final and conclusive. Certain claims were submitted by the plaintiff to the architect. The time of submission of such claims is a matter of dispute between the architect and the plaintiff. Some time later the architect rejected the plaintiff's claims without a hearing. It is not clear from the papers before us when the architect's decision was made and notice of his decision given to the plaintiff. Thereafter, the plaintiff commenced the instant action to recover damages by reason of alleged breaches of contract. The defendant moved to dismiss the complaint and to confirm the award of the architect. The plaintiff cross-moved for leave to serve an amended complaint alleging that the architect's determination was arbitrary, unreasonable and not in accordance with the facts. Special Term dismissed the complaint and remanded plaintiff's claims to the architect for a hearing *de novo* in order to afford the plaintiff an opportunity to present evidence in support of its claims. No disposition was made of plaintiff's motion for leave to serve an amended complaint. Under the terms of the contract, the architect's determination is final and conclusive, unless the determination was made through fraud, bad faith or failure to exercise an honest judgment (see *Smith Contr. Co. v City of New York,* 240 NY 491, 498; *Hughes Co. v Sapphire Realty Co.,* 11 NY2d 17, 19; *Davis, Inc. v Merritt-Chapman & Scott Corp.,* 27 AD2d 114, 117; cf. *Matter of Methodist Church of Babylon [Glen-Rich Constr. Corp.],* 27 NY2d 357, 359-361). Hence, plaintiff's motion for leave to serve an amended complaint should have been granted. Since plaintiff alleges that the rejection of its claims by the architect was arbitrary and not in accordance with the facts, the motion by the defendant to dismiss the complaint should be denied. Plaintiff must establish at the trial that the architect's decision is not conclusive because the architect acted in bad faith and failed to exercise an honest judgment. In the event this issue is decided in favor of the plaintiff, then the plaintiff's claims must be considered on the merits. If plaintiff does not succeed on the issue, then the architect's decision is final and conclusive. Hopkins, J. P., Suozzi, Gulotta and Cohalan, JJ., concur.