■ INNER CITY DRYWALL CORP., Respondent, v RELIANCE INSURANCE COMPANY OF NEW YORK, Appellant, et al., Defendant. [694 NYS2d 31] —Order, Supreme Court, New York County (Barry Cozier, J.), entered September 29, 1998, which denied defendant Reliance Insurance Company's motion for partial summary judgment dismissing plaintiff's first and second causes of action seeking payment under a performance bond, unanimously reversed, on the law, without costs, the motion granted, and the first and second causes of action dismissed.

Plaintiff was hired as a subcontractor by defendant Blakel Construction Corp. to perform carpentry and drywall installation work on eight low-income housing construction projects located in Brooklyn and Manhattan. Reliance Insurance Company, as surety for Blakel, issued labor and material payment bonds and performance bonds in connection with the projects. Plaintiff commenced this action for payment by summons and complaint dated October 9, 1997 seeking to recover amounts alleged to remain due for work performed at the various project sites.

This appeal involves three of the projects for which plaintiff maintains it has not been fully paid, comprising the first and second causes of action of the complaint. At issue is the timeliness of the action with respect to the respective performance bonds, each of which provides that action shall be commenced following one year after the contractor completes work on the applicable project. In its motion for dismissal of the first and second cause of action, Reliance argued that work was completed more than a year before plaintiff commenced this action and that the claims are therefore untimely. In opposition, plaintiff Inner City Drywall Corp. relied on CPLR 3212 (f), taking the position that "the date [Blakel] ceased work on any of the projects is unknown, since *Reliance has failed to comply with Inner City's discovery demands in this action*" (emphasis in original).

The completion of discovery is immaterial as the record contains ample documentation that the subject projects were completed over a year before suit was commenced. To receive payment, defendant Blakel was required to submit certification by the project's architect that its work had been completed on the respective project. The Department of Housing then reviewed defendant's requisition for payment, issuing its own certification that the work had been completed. Finally, the Department of Buildings issued a certificate of occupancy with

respect to each project. The latest date on which any of the certificates of occupancy was issued is August 21, 1996, over one year before this action was commenced in October 1997. Moreover, invoices submitted to Blakel by plaintiff indicate that the last work performed by plaintiff was October 8, 1996.

As stated in *Krugman & Fox Constr. Corp. v Elite Assocs.*, 167 AD2d 514, 515, *lv denied* 77 NY2d 806), "A subcontractor is bound, as a third-party beneficiary, to the terms of a material and labor payment bond entered into specifically to secure payment to such parties" (*see also, Lynbrook Glass & Architectural Metals Corp. v Elite Assocs.*, 225 AD2d 525). Moreover, a provision setting forth a reasonable, albeit abbreviated, limitation period is valid and enforceable (*see, Kassner & Co. v City of New York*, 46 NY2d 544, 550-551). It is well settled that, where required by contract, the approval of an architect is a condition precedent to payment for the work performed which is final and binding in the absence of bad faith (*see, e.g., Second Nat. Bank v Pan-American Bridge Co.*, 183 F 391 [6th Cir 1910]). In any event, the issuance of a certificate of occupancy establishes that the premises are in compliance with the requirements of the building code and other applicable laws (Multiple Dwelling Law § 301 [1]; *see, Washington Sq. Professional Bldg. v Leader*, 68 Misc 2d 72, 74). Finally, even if plaintiff were able to demonstrate the necessity for additional work following the certification of completion, it is settled that remedial work is insufficient to extend the stated period of limitation (*see, City of Glens Falls v Crandell Assocs. Architects*, 170 AD2d 866; *see also, Cabrini Med. Ctr. v Desina*, 64 NY2d 1059). Concur—Sullivan, J. P., Nardelli, Lerner, Rubin and Saxe, JJ.