■ SOCIETE NATIONALE D'EXPLOITATION INDUSTRIELLE DES TABACS ET ALLUMETTES, Appellant, v SALOMON BROTHERS

INTERNATIONAL, LIMITED, et al., Respondents. [702 NYS2d 258] —Appeals from order, Supreme Court, New York County (Charles Ramos, J.), entered August 27, 1998, which denied plaintiff's motion for leave to amend the complaint, and order, same court and Justice entered February 8, 1999, which, *inter alia*, granted defendants' motion for summary judgment dismissing plaintiff's remaining claims for fraud and negligence, deemed to be taken from the ensuing judgment, same court and Justice, entered February 22, 1999, dismissing the complaint, and, as so considered, said judgment, unanimously affirmed, with costs.

The IAS Court properly denied plaintiff leave to amend its complaint since plaintiff's proposed amended complaint impermissibly attempted to circumvent prior orders of dismissal (*see, Warner v Levinson*, 188 AD2d 268; *Ragto, Inc. v Schneiderman*, 69 AD2d 815, 816, *affd* 49 NY2d 975). To the extent plaintiff in its proposed amended complaint intermingled new allegations respecting defendants' affirmative misrepresentations of value with previously rejected theories of liability, the IAS Court was not required to separate the permissible from the impermissible elements of the pleading.

To the extent that plaintiff's remaining claims were premised upon an alleged duty on defendants' part to disclose arising by reason of a claimed disparity in parties' knowledge respecting the risks of the subject transactions, such claims were properly rejected by the IAS Court. We have already had occasion to observe in one of the prior appeals in this matter that, "disparity of knowledge [did not] impose upon defendants a duty of disclosure under the circumstances" (*Societe Nationale D'Exploitation Industrielle Des Tabacs Et Allumettes v Salomon Bros. Intl.*, 251 AD2d 137), and see no reason why this same observation should not apply equally to, and accordingly preclude, the claims now at issue (*see, Elghanian v Harvey*, 249 AD2d 206; *Banca Cremi v Brown & Sons*, 132 F3d 1017). Nor are we persuaded by plaintiff's contention that liability may be imposed on defendants by reason of what plaintiff characterizes as defendants' selective disclosure and partial withholding of information relevant to assessing the risks of the subject transactions. Plaintiff, a sophisticated institutional investor, cannot under the subject circumstances viably claim to have justifiably relied on defendants' allegedly materially incomplete disclosure (*see, Banca Cremi v Brown & Sons, supra; see also, Lazard Freres & Co. v Protective Life Ins. Co.*, 108 F3d 1531, 1543, *cert denied* 522 US 864). Plaintiff's contention in this connection, that it was unable itself to acquire the

information needed independently to assess the risks and benefits of the transactions at issue, is without support in the record. Moreover, plaintiff's claim of justifiable reliance is further conclusively refuted by the disclaimer of representations of value contained in the 1992 Business Terms provision setting forth the general terms governing the parties' transactional relationship. Contrary to plaintiff's contention, said disclaimer is not incompatible with the subsequent integrated ISDA Agreement and swap confirmation and, accordingly, enforcement of said disclaimer is not barred by the parol evidence rule (*see, Matter of Primex Intl. Corp. v Wal-Mart Stores*, 89 NY2d 594, 600).

We have considered plaintiff's other arguments and find them unavailing. Concur—Sullivan, J. P., Tom, Mazzarelli, Wallach and Rubin, JJ.