J. SACKARIS & SONS, INC., Respondent-Appellant, v TERRA FIRMA CONSTRUCTION MANAGEMENT & GENERAL CONTRACTING, LLC, Defendant and Third-Party Plaintiff-Appellant-Respondent, UNITED STATES FIDELITY AND GUARANTY COMPANY, Also Known as ST. PAUL FIRE AND MARINE INSURANCE COMPANY, Appellant-Respondent, et al., Defendants. BREGER-TERJESEN ASSOCIATES et al., Third-Party Defendants-Respondents. [788 NYS2d 424]—

In an action, inter alia, to foreclose a mechanic's lien, (1) the defendant third-party plaintiff, Terra Firma Construction Management & General Contracting, LLC, appeals, as limited by its brief, (a) from so much of an order of the Supreme Court, Nassau County (Warshawsky, J.), entered April 18, 2003, as denied those branches of its motion which were for summary judgment on its counterclaim to recover damages for breach of contract against the plaintiff, for summary judgment dismissing the complaint insofar as asserted against it, and for the imposition of a sanction against the plaintiff, and as granted those branches of the plaintiff's motion which were for summary judgment against it on the first, second, and third causes of action, and as granted those branches of the motions of the third-party defendants Breger-Terjesen Associates and Hunts Point Multi-Service Center, Inc., which were for summary judgment dismissing the third-party complaint insofar as asserted against them, (b) from so much of a judgment of the same court entered May 29, 2003, as, upon those portions of the order entered April 18,

2003, and upon stated portions of an earlier order of the same court dated August 5, 2002, inter alia, denying its motion, made jointly with the defendant United States Fidelity and Guaranty Company, also known as St. Paul Fire and Marine Insurance Company, inter alia, to dismiss the complaint insofar as asserted against it, is in favor of the plaintiff and against it in the principal sum of $231,462.49, and is in favor of the third-party defendants and against it dismissing the third-party complaint, and (c) from so much of an order of the same court entered September 8, 2003, as denied that branch of its cross motion which was for the imposition of a sanction against the plaintiff, (2) the defendant United States Fidelity and Guaranty Company, also known as St. Paul Fire and Marine Insurance Company, separately appeals, as limited by its brief, from so much of the same judgment, as, upon so much of the order entered April 18, 2003, as denied that branch of its motion which was for summary judgment dismissing the complaint insofar as asserted against it, and granted that branch of the plaintiff's motion which was for summary judgment on its cause of action to foreclose the mechanic's lien, is in favor of the plaintiff and against it in the principal sum of $265,000, and (3) the plaintiff, J. Sackaris & Sons, Inc., cross-appeals, as limited by its brief, from so much of the judgment as, upon so much of the order entered April 18, 2003, as denied those branches of its motion which were for leave to amend the complaint to assert causes of action to recover damages for breach of contract and trust fund diversion pursuant to the Lien Law against the defendant third-party plaintiff, Terra Firma Construction Management & General Contracting, LLC, and to increase the lien amount against that defendant and to amend the ad damnum clause, and for an award of interest over and above the penal sum of a mechanic's lien discharge bond against the defendant United States Fidelity and Guaranty Company, also known as St. Paul Fire and Marine Insurance Company, is in favor of it and against the defendant Terra Firma Construction Management & General Contracting, LLC, in the principal sum of only $231,462.49 and against the defendant United States Fidelity and Guaranty Company, also known as St. Paul Fire and Marine Insurance Company in the principal sum of only $265,000. The notice of appeal of the defendant third-party plaintiff, Terra Firma Construction Management & General Contracting, LLC, from the order entered April 18, 2003, is deemed to also be a notice of appeal from the judgment (see CPLR 5501 [c]). The notice of appeal of the defendant United States Fidelity and Guaranty Company, also known as St. Paul Fire and Marine Insurance Company from the order entered April 18, 2003, is deemed to

be a notice of appeal from the judgment (*see* CPLR 5512 [a]). The notice of cross appeal from the order entered April 18, 2003, is deemed to be a notice of cross appeal from the judgment (*see* CPLR 5512 [a]).

Ordered that the appeals from so much of the order entered April 18, 2003, as denied those branches of the motion by the defendant third-party plaintiff, Terra Firma Construction Management & General Contracting, LLC, which were for summary judgment dismissing the complaint insofar as asserted against it and for the imposition of a sanction against the plaintiff, as granted those branches of the plaintiff's motion which were for summary judgment against it on the first, second, and third causes of action, and as granted those branches of the motions of the third-party defendants Breger-Terjesen Associates and Hunts Point Multi-Service Center, Inc., which were for summary judgment dismissing the third-party complaint insofar as asserted against them, are dismissed; and it is further,

Ordered that the order entered April 18, 2003, is affirmed insofar as reviewed; and it is further,

Ordered that the judgment is affirmed insofar as appealed and cross-appealed from; and it is further,

Ordered that the order entered September 8, 2003, is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the third-party defendants, payable by the defendant Terra Firma Construction Management & General Contracting, LLC.

The appeals from so much of the order entered April 18, 2003, as denied those branches of the motion by the defendant Terra Firma Construction Management & General Contracting, LLC, which were for summary judgment dismissing the complaint insofar as asserted against it and for the imposition of a sanction against the plaintiff, as granted those branches of the plaintiff's motion which were for summary judgment against it on the first, second, and third causes of action, and as granted those branches of the motions of the third-party defendants Breger-Terjesen Associates and Hunts Point Multi-Service Center, Inc., which were for summary judgment dismissing the third-party complaint insofar as asserted against them, must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho,* 39 NY2d 241, 248 [1976]). Those issues, which were raised on the appeals from the order, are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

Contrary to the contention of Terra Firma Construction Management & General Contracting, LLC (hereinafter Terra Firma), and United States Fidelity and Guaranty Company, also known as St. Paul Fire and Marine Insurance Company (hereinafter USF&G), the Supreme Court had discretion regarding whether to cancel a lien due to the untimely nature of the plaintiff's response to their demand for an itemized and verified statement of lien (*see* Lien Law § 38). Under the circumstances of this case, the Supreme Court's decision not to cancel the lien was a provident exercise of its discretion.

Also without merit is the claim of Terra Firma and USF&G that the plaintiff failed to adequately set forth the items of labor and/or material and the value thereof which made up the amount for which it claimed a lien, and the terms of the contract under which such items were furnished, as required by Lien Law § 38. A determination of willful exaggeration of a mechanic's lien requires proof that the lienor deliberately and intentionally exaggerated the lien amount (*see Barden & Robeson Corp. v Czyz,* 245 AD2d 599 [1997]). Terra Firma and USF&G failed to demonstrate that the plaintiff willfully exaggerated the lien (*see Minelli Constr. Co. v Arben Corp.,* 1 AD3d 580 [2003]).

The Supreme Court properly dismissed the third-party complaint. Breger-Terjesen Associates (hereinafter BTA) met its initial burden of demonstrating its entitlement to summary judgment dismissing the third-party complaint insofar as asserted against it by tendering sufficient evidence showing that it acted impartially and in good faith concerning the change orders request at issue (*see Alvarez v Prospect Hosp.,* 68 NY2d 320 [1986]; *Zuckerman v City of New York,* 49 NY2d 557 [1980]; *Inner City Drywall Corp. v Reliance Ins. Co. of N.Y.,* 263 AD2d 438 [1999]; *Arena Constr. Co. v Town of Harrison,* 71 AD2d 647 [1979]; *Helmer-Cronin Constr. v Central School Dist. No. 1,* 51 AD2d 1085 [1976]).

Hunts Point Multi-Service Center, Inc. (hereinafter Hunts Point), met its initial burden of demonstrating its entitlement to summary judgment dismissing the third-party complaint insofar as asserted against it by tendering sufficient evidence showing that a settlement of a change order for hard-rock excavation for $50,000 with Terra Firma and a release of all claims between them disposed of the matter as between these two parties (*see Alvarez v Prospect Hosp., supra; Zuckerman v City of New York, supra; Nationwide Registry & Sec. v B&R Consultants,* 4 AD3d 298 [2004]). Contrary to Terra Firma's contention, it failed to demonstrate the existence of a triable issue of fact to rebut either BTA's or Hunts Point's prima facie showing.

The parties' remaining contentions either are not preserved for appellate review or are without merit. Adams, J.P., Santucci, Mastro and Spolzino, JJ., concur.