■ Arts4All, Ltd., et al., Appellants-Respondents, v Judith L. Hancock, Respondent-Appellant. Judith L. Hancock, Respondent-Appellant, v Daniel Y.C. Ng et al., Defendants, and Peter Osgood, Appellant-Respondent. [810 NYS2d 15]—

Orders, Supreme Court, New York County (Rolando T. Acosta, J.), (1) entered September 30, 2004, insofar as it dismissed plaintiffs' second, seventh and a portion of their twelfth causes of action and denied their motion for leave to amend the first amended complaint; (2) entered December 22, 2004, to the extent that it directed plaintiffs to answer defendant's counterclaims, but not as part of a second amended complaint, which the court had already precluded; (3) entered January 26, 2005, which denied plaintiffs' motion to compel defendant to accept service of an amendment to a new complaint; (4) entered February 8, 2005, which denied defendant's motion to renew so much of the September 30, 2004 order seeking summary dismissal of the first cause of action in the first amended complaint; (5) entered February 15, 2005, which imposed costs on plaintiffs and Osgood for failing to comply with an earlier order directing them to answer defendant's counterclaims; and (6) entered May 5, 2005, which denied defendant's renewal motion for default on the counterclaims, struck plaintiffs' affirmative defenses to the counterclaims, declined to strike Osgood's affirmative defenses, and declined to order plaintiffs and Osgood to post security, unanimously affirmed, without costs.

Having once amended their complaint, plaintiffs were not entitled to serve a second amended complaint as of right. The court's denial of leave to amend was not an improvident exercise of discretion (*see Societe Nationale D'Exploitation Industrielle Des Tabacs Et Allumettes v Salomon Bros. Intl.*, 268 AD2d 373 [2000], *lv denied* 95 NY2d 762 [2000]).

Plaintiffs' cause of action for prima facie tort was properly dismissed, notwithstanding this Court's previous finding of legal sufficiency (5 AD3d 106 [2004]), because plaintiffs failed to overcome defendant's showing that the claim was barred by the *Noerr-Pennington* doctrine (*see I.G. Second Generation Partners, L.P. v Duane Reade*, 17 AD3d 206, 208 [2005]). Plaintiffs similarly failed to make the required showing of malice to defeat defendant's motion for summary judgment on their defamation claims. On the other hand, defendant's motion for summary judgment on what remains of plaintiffs' first cause of action was properly denied since plaintiffs sufficiently established that Arts4All may well have suffered quantifiable damages as a result of defendant's statement to Ohio government officials.

We have considered the parties' remaining contentions for affirmative relief and find them unavailing. Concur—Tom, J.P., Marlow, Williams, Sweeny and Malone, JJ.