Robert J. Pelc, Doing Business as Rite Jobs Performed, Appellant, v F. Steven Berg et al., Respondents. [893 NYS2d 404]—

Memorandum: Defendants hired plaintiff to perform construction work on their home, which had sustained water damage when a pipe froze and burst while they were in Florida. Defendants became dissatisfied with plaintiff's work and refused to approve further insurance payments to plaintiff, whereupon plaintiff filed a notice of mechanic's lien pursuant to article 2 of the Lien Law and ceased working on the home. Supreme Court granted defendants' motion seeking to discharge the lien and placed the amount in dispute in escrow. Plaintiff then commenced this action for, inter alia, breach of contract and, in their answer, defendants asserted four counterclaims. Following a bench trial, the court dismissed the amended complaint and granted judgment in favor of defendants on their second through fourth counterclaims for, respectively, the amount of

damages incurred by defendants in correcting plaintiff's negligent workmanship, plaintiff's slander of title based on malicious and fraudulent statements made by plaintiff in support of the mechanic's lien and, inter alia, the amount of damages incurred by defendants in discharging the "willfully exaggerated Notice Under Mechanic's Lien Law." As limited by his brief, plaintiff challenges only those parts of the amended judgment awarding defendants judgment on the three counterclaims.

Addressing first the fourth counterclaim, we reject plaintiff's contention that the court applied the wrong standard in determining whether plaintiff had willfully exaggerated the amount of the mechanic's lien. The record establishes that the court applied the correct standard, i.e., whether there was a deliberate and intentional exaggeration of the lien amount (*see J. Sackaris & Sons, Inc. v Terra Firma Constr. Mgt. & Gen. Contr., LLC*, 14 AD3d 538, 541 [2005], *lv denied* 4 NY3d 878 [2005]; *Barden & Robeson Corp. v Czyz*, 245 AD2d 599, 601 [1997]), rather than merely a genuine mistake or a disagreement concerning the terms of the contract (*see Goodman v Del-Sa-Co Foods*, 15 NY2d 191, 194-196 [1965]; *Fidelity N.Y. v Kensington-Johnson Corp.*, 234 AD2d 263 [1996]; *Collins v Peckham Rd. Corp.*, 18 AD2d 860, 861 [1963]). The court thus properly considered whether plaintiff acted in bad faith in asserting the lien amount (*see generally P. J. Panzeca, Inc. v Alizio*, 52 AD2d 919 [1976]). We further conclude that the record supports the court's determination that plaintiff willfully exaggerated the amount of the lien.

We reject plaintiff's further contention that the court erred in awarding attorney's fees sought with respect to the three counterclaims in question. "[I]t is well settled that 'a trial court is in the best position to determine those factors integral to fixing [attorney's] fees . . . and, absent an abuse of discretion, the trial court's determination will not be disturbed' " (*Matter of Connolly v Chenot*, 293 AD2d 854, 855 [2002]; *see 542 E. 14th St. LLC v Lee*, 66 AD3d 18 [2009]; *Harris Bay Yacht Club v Harris*, 230 AD2d 931, 934 [1996]). We perceive no abuse of discretion in this case. The court properly awarded attorney's fees only for the attorney's representation of defendants in defending against and securing the discharge of the mechanic's lien, rather than for the attorney's representation of defendants in obtaining affirmative relief. Even assuming, arguendo, that we agree with defendants that the award of attorney's fees must be determined by calculating the percentage of the total lien amount that constitutes willful exaggeration and applying that percentage to the total amount of attorney's fees incurred (*see*

*A & E Plumbing v Budoff*, 66 AD2d 455, 457 [1979]; *Grimpel v Hochman*, 74 Misc 2d 39, 49 [1972]), we conclude that the award of attorney's fees here was proper because the total amount of the mechanic's lien was the result of willful exaggeration.

With respect to the second counterclaim, seeking damages incurred by defendants in correcting plaintiff's negligent workmanship, we conclude that the award of damages is supported by the record. With respect to the third counterclaim, for slander of title, we agree with plaintiff that the evidence does not support the court's award of damages. Defendants failed to meet their burden of establishing that plaintiff made "a communication falsely casting doubt on the validity of . . . title, . . . reasonably calculated to cause harm, and . . . resulting in special damages" (*Fink v Shawangunk Conservancy, Inc.*, 15 AD3d 754, 756 [2005]; *see 39 Coll. Point Corp. v Transpac Capital Corp.*, 27 AD3d 454, 455 [2006]; *Brown v Bethlehem Terrace Assoc.*, 136 AD2d 222, 224 [1988]). The notice of mechanic's lien filed by plaintiff merely constituted notification of plaintiff's claim against the property and did not constitute a false communication (*see generally Alexander v Scott*, 286 AD2d 692 [2001]; *Sopher v Martin*, 243 AD2d 459, 461-462 [1997]; *35-45 May Assoc. v Mayloc Assoc.*, 162 AD2d 389 [1990]). In addition, defendants have alleged only general damages, and the pleading of special damages is a prerequisite for slander of title (*see Kriger v Industrial Rehabilitation Corp.*, 8 AD2d 29, 33 [1959], *affd* 7 NY2d 958 [1960]; *Carnival Co. v Metro-Goldwyn-Mayer*, 23 AD2d 75, 77 [1965]; *Glaser v Kaplan*, 5 AD2d 829 [1958]). We therefore modify the amended judgment accordingly. Present—Scudder, P.J., Hurlbutt, Martoche, Centra and Peradotto, JJ.