■ STEINER SPORTS MARKETING, INC., Respondent, v STEVEN WEINREB, Appellant. [930 NYS2d 186]—

In response to plaintiff Steiner Sports's action to enforce a covenant not to compete, allegedly signed by defendant Weinreb, and to prohibit Weinreb from working for other employers in the sports marketing industry, Weinreb asserted counterclaims for tortious interference with prospective economic relationships and intentional infliction of emotional distress. Weinreb alleged that Steiner Sports had caused one of its clients, The Nelson Group, to rescind an offer of employment to him, unless Steiner Sports consented to the employment in writing, for the sole purpose of harming him. Weinreb also alleged that "Steiner Sports representatives" had falsely told "other potential employers" that he was subject to an extensive post-termination covenant not to compete, and had threatened litigation if any of those potential employers hired Weinreb.

The court properly dismissed the counterclaims under CPLR 3211 (a) (7). The allegation that "Steiner Sports representatives" interfered with his prospective relationships with "other potential employers" is conclusory and unsupported by specific

facts alleging any potential relationships (see *Phoenix Capital Invs. LLC v Ellington Mgt. Group, L.L.C.*, 51 AD3d 549, 551 [2008]; *Learning Annex Holdings, LLC v Gittelman*, 48 AD3d 211 [2008]). Weinreb's assertion that Steiner Sports interfered with his prospective employment with The Nelson Group for the sole purpose of harming him is undermined by the factual allegations demonstrating that Steiner Sports had a normal economic interest in interfering with the prospective employment (see *Advanced Global Tech., LLC v Sirius Satellite Radio, Inc.*, 44 AD3d 317 [2007]). Furthermore, the allegation that plaintiff's chief executive officer requested and convinced The Nelson Group to rescind the offer does not constitute the kind of wrongful or culpable conduct required to state a claim for tortious interference with prospective economic relationships (see *Carvel Corp. v Noonan*, 3 NY3d 182, 190-191 [2004]).

The court did not abuse its discretion in declining to grant Weinreb leave to replead, given Weinreb's inability to state what additional facts would be pleaded. However, since an undisputed fact emerged after the filing of the counterclaim, namely that Steiner Sports had submitted a fabricated agreement containing a one-year covenant not to compete in support of its complaint, we grant leave to replead the counterclaim to the extent it is based on knowing misrepresentations of an extensive noncompete agreement (see *Freedman v Pearlman*, 271 AD2d 301, 305 [2000]). Repleading would neither surprise nor prejudice Steiner Sports, as it has admitted to the misconduct, and the tortious interference claim, as repleaded, would not be "palpably insufficient or patently devoid of merit" (*MBIA Ins. Corp. v Greystone & Co., Inc.*, 74 AD3d 499, 499 [2010]).

Weinreb failed to allege facts sufficient to support a claim for intentional infliction of emotional distress (see *Howell v New York Post Co.*, 81 NY2d 115, 121-122 [1993]). Leave to replead this counterclaim is unwarranted because even if Steiner Sports used a fabricated agreement to interfere with Weinreb's prospective employment with The Nelson Group, such conduct is not "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community" (*Murphy v American Home Prods. Corp.*, 58 NY2d 293, 303 [1983] [internal quotation marks omitted]).

We have considered the remaining contentions and find them unavailing. Concur—Mazzarelli, J.P., Friedman, Catterson, Moskowitz and Abdus-Salaam, JJ.