# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**347**

**CA 13-01012**

PRESENT: SCUDDER, P.J., PERADOTTO, CARNI, LINDLEY, AND VALENTINO, JJ.

---

FIBERGLASS FABRICATORS, INC.,
PLAINTIFF-APPELLANT,

V                                         MEMORANDUM AND ORDER

C.O. FALTER CONSTRUCTION CORP.,
DEFENDANT-RESPONDENT,
ET AL., DEFENDANTS.
(APPEAL NO. 2.)

---

BYRNE, COSTELLO & PICKARD, P.C., SYRACUSE (ZEA M. WRIGHT OF COUNSEL),
FOR PLAINTIFF-APPELLANT.

HANCOCK ESTABROOK, LLP, SYRACUSE (JANET D. CALLAHAN OF COUNSEL), FOR
DEFENDANT-RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Onondaga County
(John C. Cherundolo, A.J.), entered August 23, 2012. The judgment
awarded money damages to defendant C.O. Falter Construction Corp.
after a nonjury trial.

It is hereby ORDERED that the judgment so appealed from is
unanimously affirmed without costs.

Memorandum: C.O. Falter Construction Corp. (defendant), the
general contractor on a public improvement project, hired plaintiff to
supply fiberglass reinforced plastic (FRP) products for the project.
Defendant refused to pay plaintiff's final invoice on the ground that
a number of products that plaintiff was required to provide under the
parties' agreement were missing, defective, or otherwise failed to
conform to the project's plans and specifications. Pursuant to the
terms of the agreement, defendant thereafter demanded adequate
assurance of performance from plaintiff in the form of a surety bond,
and plaintiff was unable or unwilling to deliver such bond. Defendant
then terminated the agreement and obtained from other suppliers the
FRP products necessary to complete the project.

Following the termination of the agreement, plaintiff filed a
mechanic's lien in the amount of its final invoice, and defendant
secured a bond to discharge the lien. Plaintiff thereafter commenced
this action alleging, inter alia, breach of contract, and seeking
foreclosure of its lien. Defendant asserted counterclaims seeking,
inter alia, a declaration that the lien is void based upon plaintiff's
willful exaggeration of the amount for which it claimed a lien.

In appeal No. 1, plaintiff appeals from an amended order entered following a bench trial that dismissed its complaint, discharged and declared null and void the mechanic's lien, awarded damages to defendant pursuant to Lien Law § 39-a, discharged the discharge bond and awarded judgment to defendant on its counterclaim for the cost of obtaining such bond, and directed an inquest to determine the amount of attorney's fees defendant was entitled to recover from plaintiff pursuant to section 39-a.  In appeal No. 2, plaintiff appeals from a judgment awarding defendant damages as provided in the amended order and, in appeal No. 3, plaintiff appeals from a judgment awarding defendant attorney's fees.  We note at the outset that, inasmuch as the amended order in appeal No. 1 is subsumed in the judgment in appeal No. 2, we dismiss plaintiff's appeal from the amended order in appeal No. 1 (*see Hughes v Nussbaumer, Clarke & Velzy*, 140 AD2d 988; *Chase Manhattan Bank, N.A. v Roberts & Roberts*, 63 AD2d 566, 567; *see also* CPLR 5501 [a] [1]).

Contrary to plaintiff's contention in appeal No. 2, we conclude that Supreme Court applied the proper standard in finding that plaintiff had willfully exaggerated the amount of the mechanic's lien, i.e., whether plaintiff intentionally and deliberately exaggerated the amount of the lien (*see Pelc v Berg*, 68 AD3d 1672, 1673; *J. Sackaris & Sons, Inc. v Terra Firma Constr. & Gen. Contr.*, *LLC*, 14 AD3d 538, 541, *lv denied* 4 NY3d 878).  The court did not base its finding of willful exaggeration solely upon the discrepancy between the amount of the lien and the amount actually due to plaintiff (*see generally Capogna v Guella*, 41 AD3d 522, 523).  Contrary to plaintiff's further contention in appeal No. 2, we conclude that defendant met its burden of demonstrating that such discrepancy was the result of plaintiff's intentional and deliberate exaggeration rather than honest mistakes or disagreements concerning the terms of the agreement (*see Pelc*, 68 AD3d at 1673; *Fidelity N.Y. v Kensington-Johnson Corp.*, 234 AD2d 263, 263).

We reject plaintiff's contention in appeal No. 3 that the amount of attorney's fees awarded to defendant is excessive.  The court considered the appropriate factors and properly concluded that the fees sought by defendant were "for services in securing the discharge of the lien" (Lien Law § 39-a; *see generally Diaz v Audi of Am., Inc.*, 57 AD3d 828, 830).  The court was in the best position to determine the amount of reasonable attorney's fees for such services "and, absent an abuse of discretion, the trial court's determination will not be disturbed" (*Pelc*, 68 AD3d at 1673 [internal quotation marks omitted]).  We perceive no abuse of discretion in this case.

Entered:  May 9, 2014                        Frances E. Cafarell
                                             Clerk of the Court