Wolberg v IAI N. Am., Inc. (2018 NY Slip Op 03321)





Wolberg v IAI N. Am., Inc.


2018 NY Slip Op 03321


Decided on May 8, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 8, 2018

Sweeny, J.P., Renwick, Mazzarelli, Gesmer, Singh, JJ.


6482 653621/16

[*1]Gadi Wolberg, Plaintiff-Respondent,
v
IAI North America, Inc., et al., Defendants-Appellants.


Herrick, Feinstein LLP, New York (Michael Berengarten and Jared Newman of counsel), for appellants.
Resiman, Rubeo, McClure & Altman, LLP, Hawthorne (Sharman T. Propp of counsel), for respondent.



Order, Supreme Court, New York County (Nancy M. Bannon, J.), entered on or about November 27, 2017, which, insofar as appealed from, denied defendants' motion to dismiss the complaint as against Israel Aerospace Industries, Ltd. (IAI) for lack of personal jurisdiction and to dismiss the causes of action for breach of a non-disparagement clause and tortious interference with prospective business relations pursuant to CPLR 3211(a)(1) and (7), unanimously modified, on the law, to grant the motion as to IAI and as to the cause of action for tortious interference with prospective business relations, and otherwise affirmed, without costs.
Defendants established that IAI North America, Inc. (IAINA), which does business in the State of New York, is not a mere department of IAI, which operates primarily in Israel, and therefore that jurisdiction over IAINA is not jurisdiction over IAI (see Taca Intl. Airlines, S.A. v Rolls-Royce of England, 15 NY2d 97 [1965]). The key executive personnel of the subsidiary were not assigned to their positions by the foreign parent, the subsidiary trained its own personnel, the parent did not write and publish all of the sales literature used by the subsidiary, and the subsidiary prepared its own financial statements (cf. id. at 101-102). Moreover, the factors mentioned in Volkswagenwerk AG. v Beech Aircraft Corp. (751 F2d 117 [2d Cir 1984]), which we have adopted (see e.g. FIA Leveraged Fund Ltd. v Grant Thornton LLP, 150 AD3d 492, 493 [1st Dept 2017]), do not show that IAI may be subjected to New York jurisdiction. While IAINA is a wholly owned subsidiary of IAI, common ownership is "intrinsic to the parent-subsidiary relationship and, by [itself], not determinative" (Porter v LSB Indus., 192 AD2d 205, 213-214 [4th Dept 1993]). IAINA showed that it observed corporate formalities. Nothing in plaintiff's affirmation indicates that IAI interferes in the selection and assignment of IAINA's executive personnel, and the CEO of IAINA denied this. He also denied that IAI controlled IAINA's marketing and operational policies. Plaintiff claimed that IAI had control over the approval of IAINA's annual budget during the 11 years he worked at IAINA. However, this does not suffice (see id. at 210, 213-214).
IAINA (the only remaining defendant in this case) contends that the cause of action for breach of a non-disparagement clause should be dismissed because, even if it made disparaging remarks about plaintiff (its former employee), the remarks were privileged. However, the common interest privilege it relies on — which is part of the law of defamation — does not apply to a claim for breach of a non-disparagement clause (see Arts4All, Ltd. v Hancock, 25 AD3d 453, 454 [1st Dept 2006], lv dismissed 6 NY3d 891 [2006]). The mere fact that the absolute witness privilege applies to a claim for breach of a non-disparagement clause (see Arts4All, Ltd. v Hancock, 5 AD3d 106, 108 [1st Dept 2004]) does not mean that the qualified common interest privilege also applies to such a claim. An absolute privilege protects a greater public interest than a qualified privilege (see Rosenberg v MetLife, Inc., 8 NY3d 359, 365 [2007]).
In any event, the common interest privilege defense would not dispose of the entire cause [*2]of action. While the privilege might apply to IAINA's statements to nonparty ELTA North America, Inc. (the subsidiary of IAINA that was going to hire plaintiff) (see Sborgi v Green, 281 AD2d 230 [1st Dept 2001]; Amato v New York City Dept. of Parks & Recreation, 110 AD3d 439 [1st Dept 2013]), IAINA failed to show that remarks made to vendors of IAI, IAINA, or their subsidiaries or divisions are covered by that privilege. Indeed, we have cautioned, "There . . . is no general qualified privilege to issue . . . a defamatory statement . . . merely because it may serve to protect a business interest" (Shenkman v O'Malley, 2 AD2d 567, 577 [1st Dept 1956] [internal quotation marks omitted]).
The complaint fails to state a claim for tortious interference with prospective business relations, because it does not sufficiently allege that IAINA "acted solely out of malice or used improper or illegal means that amounted to a crime or independent tort" (Amaranth LLC v J.P. Morgan Chase & Co., 71 AD3d 40, 47 [1st Dept 2009], lv dismissed in part, denied in part 14 NY3d 736 [2010]), i.e., that it acted "for the sole purpose of inflicting intentional harm on plaintiff[]" (Carvel Corp. v Noonan, 3 NY3d 182, 190 [2004] [internal quotation marks omitted]). IAINA showed that it had an economic self-interest (see id.) in preventing ELTA (its wholly owned subsidiary) from paying plaintiff $4,000 a month for four days' work while IAINA was paying plaintiff a salary and benefits for no work (see generally Steiner Sports Mktg., Inc. v Weinreb, 88 AD3d 482, 483 [1st Dept 2011]).
The complaint also fails to allege improper or illegal means. While defamation would suffice (see Amaranth, 71 AD3d at 47), the complaint fails to state a claim for defamation based on IAINA's statements to ELTA. The alleged statements that plaintiff was "dangerous" and had "chutzpah" are expressions of opinion (see Mann v Abel, 10 NY3d 271, 276 [2008], cert denied 555 US 1170 [2009]) or "[l]oose, figurative or hyperbolic statements" (Dillon v City of New York, 261 AD2d 34, 38 [1st Dept 1999]). The allegation that any of four named individuals made statements to another named individual and to "all IAINA employees" "in or about Spring 2016" or "in April or May 2016" is insufficiently specific (see e.g. Dillon, 261 AD2d at 38; Simpson v Village Voice, Inc., 2007 NY Slip Op 32532[U], *9-10 [Sup Ct, NY County], affd 58 AD3d 421 [1st Dept 2009], lv denied 12 NY3d 710 [2009]). IAINA's statements to ELTA are protected by the common interest privilege (see e.g. Miller v Mount Sinai Med. Ctr., 288 AD2d 72 [1st Dept 2001]).
Although the complaint does not contain a cause of action for tortious interference with contract, plaintiff contends that the cause of action for tortious interference with prospective business relations can be sustained as such a claim because the complaint alleges that he and ELTA had entered into an agreement. However, the only agreement mentioned in the complaint is an oral one for an indefinite term, which therefore was terminable at will and, "as such, contemplated prospective contractual relations only" and "cannot support a claim for tortious interference with an existing contract" (see Miller, 288 AD2d at 72).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 8, 2018
CLERK