Casella Constr. Corp. v 322 E. 93rd St. LLC (2022 NY Slip Op 06989)

Casella Constr. Corp. v 322 E. 93rd St. LLC

2022 NY Slip Op 06989

Decided on December 08, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 08, 2022

Before: Kern, J.P., Gesmer, Kennedy, Scarpulla, Rodriguez, JJ. 

Index No. 155098/17 Appeal No. 16852 Case No. 2022-01574 

[*1]Casella Construction Corporation, Plaintiff-Appellant,
v
322 East 93rd Street LLC, Defendant-Respondent.
322 East 93rd Street LLC, Counterclaimant-Respondent,
v
324 E. 93 LLC, Additional Counterclaim Defendant. [And An Additional Action]

Gerber Ciano Kelly Brady LLP, Garden City (Brendan T. Fitzpatrick of counsel), for appellant.
Georgoulis PLLC, New York (Chris Georgoulis of counsel), for respondent.

Order, Supreme Court, New York County (Verna L. Saunders, J.), entered January 24, 2022, which granted defendant 322 East 93rd Street LLC's motion for summary judgment to the extent of declaring that plaintiff's mechanic's lien is void and discharged as willfully exaggerated pursuant to Lien Law § 39, and referred the matter to a special referee to assess damages, unanimously affirmed, without costs.
In accordance with an emergency order issued by the New York City Department of Buildings in response to a fire at a building owned by defendant 324 E. 93 LLC, it retained plaintiff to demolish that building, among other things, pursuant to a written contract. The contract defined the scope of work as "including, without limitation, the installation of tie-backs and other required party wall support in adjacent structures . . . and all additional work reasonably inferable from the foregoing scope to render a complete Project." Further, plaintiff agreed in the contract that its payment for the work would be "the fixed amount of any proceeds actually paid by" 324 E. 93 LLC's insurance company for the claim submitted by 324 E. 93 and "apportioned to the [w]ork, as directed pursuant to [the DOB Violation], necessitated as a result of the fire that occurred at the Premises on or about October 27, 2016."
Plaintiff finished performing the work on that building and two buildings with which it shared walls, one of which was located at 322 East 93rd Street and owned by defendant 322 East 93rd Street LLC, without entering a contract or even discussing the costs of the work performed with the owners of the adjoining buildings. It is undisputed that 324 E. 93 LLC paid over to plaintiff the total amount it received from its insurance company in connection with plaintiff's work.
Plaintiff estimated that the total value of the work it performed on the three buildings exceeded the total amount of the 324 E. 93 LLC insurance payment. The amount of the lien at issue was purportedly based on estimates of plaintiff's total additional costs in performing work on 322 East 93rd Street.
While the issue of whether the amount of a lien has been willfully exaggerated "is ordinarily determined at the trial of the foreclosure action" (On the Level Enters., Inc. v 49 E. Houston LLC, 104 AD3d 500, 500 [1st Dept 2013]), "a claim under Lien Law § 39 is subject to summary disposition where, as here, the evidence that the amount of the lien was wilfully exaggerated is conclusive" (Northe Group, Inc. v Spread NYC, LLC, 88 AD3d 557, 557 [1st Dept 2011]). Under the particular circumstance here, defendant met its burden of establishing willful exaggeration, and plaintiff failed to raise triable issues of fact. The contract between plaintiff and 324 E. 93 LLC clearly provided that 324 E. 93 LLC's insurance proceeds were "the sole and total compensation due" to plaintiff for its performance of the contract work. As a result, plaintiff was not entitled to any additional compensation for [*2]its work on 322 East 93rd Street, which work was covered under the contract. Any evidence that a settlement was offered or accepted was inadmissible to establish liability (CPLR 4547), even assuming, without deciding, that such evidence was not barred by the hearsay rule.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 8, 2022