SRS Enters., Inc. v Rosemex, Inc. (2024 NY Slip Op 00038)

SRS Enters., Inc. v Rosemex, Inc.

2024 NY Slip Op 00038

Decided on January 04, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 04, 2024

Before: Singh, J.P., Scarpulla, Pitt-Burke, Higgitt, O'Neill Levy, JJ. 

Index No. 653924/21 Appeal No. 1348 Case No. 2022-05294 

[*1]SRS Enterprises, Inc., Plaintiff-Respondent,
v
Rosemex, Inc., et al., Defendants-Appellants.

Lee & Lum, LLP, New York (Robert J. Lum of counsel), for appellants.
Cole Schotz P.C., New York (Leo Bronshteyn of counsel), for respondent.

Order, Supreme Court, New York County (Suzanne J. Adams, J.), entered on or about October 20, 2022, which, insofar as appealed from as limited by the briefs, denied defendants Rosemex, Inc. and Mecar Metal, Inc.'s CPLR 3211(a)(7) motion to dismiss the abuse of process and tortious interference with business relations causes of action, unanimously reversed, on the law, without costs, and the motion granted.
Plaintiff failed to allege sufficiently the second and third elements of the abuse of process claim; that is, that "the person activating the process must be moved by a purpose to do harm without that which has been traditionally described as economic or social excuse or justification . . . [and the] defendant must be seeking some collateral advantage or corresponding detriment to the plaintiff which is outside the legitimate ends of the process" (Andesco, Inc. v Page, 137 AD2d 349, 356 [1st Dept 1988] [internal quotation marks and citation omitted]). Here, defendants filed two mechanics' liens on property in connection with their contract with plaintiff to deliver certain materials to a project on real property owned by a third-party. "[T]he liens were not filed for a collateral purpose. Instead, the record shows that the liens were filed to enforce claims made for work performed on the property. This is precisely the purpose of a mechanic's lien" (Key Bank of N. N.Y. v Lake Placid Co., 103 AD2d 19, 27 [3d Dept 1984], appeal dismissed 64 NY2d 644 [1984]; see also Andesco, 137 AD2d at 356-357).
Plaintiff's assertion that abuse of process has been adequately pleded because defendants intentionally maintained two liens for the same work is unavailing because "the Lien Law is permissive and allows the filing of successive liens for the same work to cure an irregularity in an earlier lien" (Danica Plumbing & Heating, LLC v 3536 Cambridge Ave., LLC, 62 AD3d 426, 427 [1st Dept 2009]). Here, in filing the second lien, which was intended to amend and correct the earlier lien, defendants were acting with economic justification within the scope of the Lien Law. It is immaterial that the County Clerk required a duplicative bond, despite the second lien noting that defendants were "claim[ing] an amended lien." Further, defendants' refusal to discharge one or both liens upon plaintiff's demand is insufficient to show that they acted with any intent to harm plaintiff, considering their claim to payment for the materials they supplied.
The failure of the abuse of process claim also renders plaintiff's tortious interference with business relations claim insufficient insofar as it is based on the abuse of process as an independent tort (Carvel Corp. v Noonan, 3 NY3d 182, 190 [2004]). To the extent plaintiff bases the tortious interference claim on putative wrongful conduct or the claim that defendants were motivated solely by a desire to harm plaintiff, even according plaintiff the benefit of every possible favorable inference, plaintiff fails to allege [*2]any sufficiently egregious wrong where defendants were not at least partially acting for their own economic interest within the scope of the Lien Law (Steiner Sports Mktg., Inc. v Weinreb, 88 AD3d 482, 483 [1st Dept 2011]; see also Levy v P & R Dental Strategies, 302 AD2d 255 [1st Dept 2003], lv denied 1 NY3d 501 [2003], cert denied, 541 US 1010 [2004]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 4, 2024