Esperanza Mansion Group LLC v Mehlenbacher (2025 NY Slip Op 04370)

Esperanza Mansion Group LLC v Mehlenbacher

2025 NY Slip Op 04370

Decided on July 25, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 25, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., BANNISTER, OGDEN, GREENWOOD, AND KEANE, JJ.

513 CA 24-01893

[*1]ESPERANZA MANSION GROUP LLC, TODD ALEXANDER ENTERPRISES, INC., TODD ALEXANDER AND MARY OLIVO, PLAINTIFFS-RESPONDENTS,
v
LAWRENCE MEHLENBACHER, ELIZABETH MEHLENBACHER, ESPERANZA MANSION & INN LLC, AND ESPERANZA MANSION ESTATES, LLC, DEFENDANTS-APPELLANTS. 

LIPPES MATHIAS LLP, ROCHESTER (KELLY S. FOSS OF COUNSEL), AND HARRIS BEACH PLLC, PITTSFORD, FOR DEFENDANTS-APPELLANTS. 
WEBSTER SZANYI, LLP, BUFFALO (ANDREW O. MILLER OF COUNSEL), FOR PLAINTIFFS-RESPONDENTS. 

 Appeal from an order of the Supreme Court, Yates County (Daniel J. Doyle, J.), entered October 9, 2024. The order, inter alia, denied the cross-motion of defendants for, among other things, summary judgment on their counterclaims for willful exaggeration of a mechanic's lien and abuse of process. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: This dispute arises from an oral agreement between defendants Lawrence and Elizabeth Mehlenbacher and plaintiffs Todd Alexander and Mary Olivo regarding the purchase and renovation of a historic property (Mansion). As described by Alexander and Olivo, they reached an informal agreement with the Mehlenbachers whereby Alexander and Olivo, together with Alexander's contracting company, plaintiff Todd Alexander Enterprises, Inc. (TAEI), would renovate the Mansion at a reduced rate in exchange for an ownership interest in the real property and a share of the Mansion's revenues as a hotel and wedding venue. Following a breakdown in communications between the parties, the Mehlenbachers took control of the Mansion in March 2020, leaving plaintiffs with no ownership interest in the real property or the Mansion's future revenues. Shortly thereafter, TAEI filed a mechanic's lien for the value of unpaid labor and materials incurred by plaintiffs during renovation of the Mansion, and plaintiffs commenced this action for, inter alia, enforcement of that lien against defendants. In response, defendants filed counterclaims for, inter alia, willful exaggeration of the mechanic's lien pursuant to Lien Law § 39-a and abuse of process.
After the action was consolidated with two related actions involving largely the same parties, plaintiffs moved to, inter alia, dismiss the willful exaggeration counterclaim against Alexander in his individual capacity pursuant to CPLR 3211 (a) (7), and defendants cross-moved for, inter alia, summary judgment on their willful exaggeration and abuse of process counterclaims. Defendants now appeal from an order that, among other things, denied their cross-motion and granted plaintiffs' motion in part. On appeal, defendants contend that Supreme Court erred in denying their cross-motion with respect to the relevant counterclaims and in granting plaintiffs' motion insofar as it sought to dismiss the willful exaggeration counterclaim against Alexander. We reject those contentions.
To meet their initial burden on the cross-motion with regard to the counterclaim for willful exaggeration of the mechanic's lien, defendants were required to demonstrate as a matter of law "that the amounts set forth [in the lien] were 'intentionally and deliberately exaggerated' " [*2](Garrison v All Phase Structure Corp., 33 AD3d 661, 662 [2d Dept 2006]; see generally Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]). " 'The fact that a lien may contain improper charges [or mistakes] does not, in and of itself, establish that a plaintiff wilfully exaggerated a lien' " (Park Place Carpentry & Bldrs., Inc. v DiVito, 74 AD3d 928, 929 [2d Dept 2010]; see Howdy Jones Constr. Co. v Parklaw Realty, 76 AD2d 1018, 1018 [3d Dept 1980], affd 53 NY2d 718 [1981]; Goodman v Del-Sa-Co Foods, 15 NY2d 191, 194 [1965]). Further, "Section 39-a of the Lien Law is penal in nature, and must be strictly construed in favor of the person upon whom the penalty is sought to be imposed" (Goodman, 15 NY2d at 195 [internal quotation marks omitted]; see Blair v Ferris, 150 AD3d 1365, 1372 [3d Dept 2017]).
"[T]he issue of wilful and/or fraudulent exaggeration is . . . one which ordinarily must be determined at . . . trial" (Coppola Gen. Contr. Corp. v Noble House Constr. of N.Y., 224 AD2d 856, 857 [3d Dept 1996]; see Washington 1993 v Reles, 255 AD2d 745, 747 [3d Dept 1998]), in part, because proof of willfulness "necessarily involves proof as to the credibility of the lienor" (On the Level Enters., Inc. v 49 E. Houston LLC, 104 AD3d 500, 500 [1st Dept 2013]). Evidence from which wilfulness might be inferred is not sufficient to meet a moving party's burden, because "every available inference must be drawn in the [non-moving party's] favor" (De Lourdes Torres v Jones, 26 NY3d 742, 763 [2016]). Thus, summary judgment is appropriate only where
" 'the evidence that the amount of the lien was wilfully exaggerated is conclusive' " (Casella Constr. Corp. v 322 E. 93rd St. LLC, 211 AD3d 458, 459 [1st Dept 2022]).
Defendants failed to make such a showing here, and thus the court properly denied their cross-motion with respect to the willful exaggeration counterclaim. Although defendants submitted conclusive evidence that the lien contained certain non-lienable charges, their submissions failed to establish as a matter of law that the inclusion of such charges was attributable to something other than good faith mistake (see generally Pelc v Berg, 68 AD3d 1672, 1673 [4th Dept 2009]; P. J. Panzeca, Inc. v Alizio, 52 AD2d 919, 919 [2d Dept 1976]). With regard to the remaining allegedly exaggerated amounts, because no formal agreement was reached between the parties as to how plaintiffs would be compensated for their work on the Mansion, numerous questions of fact remain as to whether the lien sought more than the reasonable value of the labor plaintiffs expended (see generally Lien Law § 3). Questions of fact also exist whether "any errors were the result of ignorance or honest mistake" (On the Level Enters., Inc., 104 AD3d at 501).
We further conclude that defendants did not meet their initial burden on the cross-motion with respect to the abuse of process counterclaim. "Abuse of process has three essential elements: (1) regularly issued process, either civil or criminal, (2) an intent to do harm without excuse or justification, and (3) use of the process in a perverted manner to obtain a collateral objective" (Curiano v Suozzi, 63 NY2d 113, 116 [1984]). Here, defendants failed to establish that the lien was filed for some other purpose than to secure debts due for work done on the Mansion (see generally SRS Enters., Inc. v Rosemex, Inc., 223 AD3d 419, 420 [1st Dept 2024]; Weaver v Acampora, 227 AD2d 727, 728 [3d Dept 1996]; New York State Props. v Clark, 183 AD2d 1003, 1004-1005 [3d Dept 1992]). Given that defendants failed to meet that burden, the court also properly denied the cross-motion with respect to the abuse of process counterclaim.
Moreover, the court properly granted plaintiffs' motion insofar as it sought to dismiss the willful exaggeration counterclaim against Alexander in his individual capacity. TAEI was the sole lienor, and thus Alexander was not liable in his individual capacity (see Lien Law § 39-a).
Entered: July 25, 2025
Ann Dillon Flynn
Clerk of the Court