Tekton Bldrs., LLC v 1232 S. Blvd LLC
2026 NY Slip Op 03931
June 23, 2026
Appellate Division, First Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Tekton Builders, LLC, Appellant-Respondent,
v
1232 Southern Blvd LLC, Respondent-Appellant, The Children's Aid Society et al., Defendants. (And Other Actions.)

Decided and Entered: June 23, 2026
Index No. 22310/17, 27189/18|Appeal No. 6320|Case No. 2025-02302|
Before: Kennedy, J.P., Kapnick, Higgitt, Michael, Chan, JJ.

Peckar & Abramson, P.C., New York (Gerard J. Onorata of counsel), for appellant-respondent.
Smith, Gambrell & Russell, LLP, New York (Michael R. Glanzman of counsel), for respondent-appellant.

[*1]
Order, Supreme Court, Bronx County (Wilma Guzman, J.), entered on or about March 18, 2025, which, to the extent appealed from as limited by the briefs, granted so much of defendant 1232 Southern Blvd LLC's motion for summary judgment in its favor on its affirmative defense of willful exaggeration of lien (fifth affirmative defense) and dismissal of plaintiff's cause of action for foreclosure of mechanic's lien (sixth cause of action), and denied so much of defendant's motion for summary judgment in its favor on its affirmative defense for failure to comply with contractual conditions precedent (sixth affirmative defense) and dismissal of the causes of action related to plaintiff's claims for extended general conditions or otherwise for work or labor performed after July 31, 2016 (first, second, third and fourth causes of action), unanimously affirmed, without costs.
Defendant established prima facie entitlement to summary judgment on its affirmative defense for willful exaggeration of the lien, as the record "conclusive[ly]" shows that plaintiff willfully exaggerated the amount of its mechanic's lien (Casella Constr. Corp. v 322 E. 93rd St. LLC, 211 AD3d 458, 459 [1st Dept 2022] [internal quotation marks omitted]; LMF-RS Contr., Inc. v Kaljic, 126 AD3d 436, 437 [1st Dept 2015]). Defendant submitted proof and plaintiff admitted that the portion of the lien for the sum of $1,026,078.25 was for work that plaintiff never performed. Plaintiff's response that the sum was merely "inadvertently" included, without "even [an] attempt to explain the discrepancies[,]" is conclusory and does not raise a triable issue of fact (LMF-RS Contr., Inc., 126 AD3d at 437).
Supreme Court correctly denied so much of defendant's motion for summary judgment on its affirmative defense for failure to comply with contractual conditions precedent and dismissal of the first, second, third, and fourth causes of action. Defendant does not dispute that there were numerous meetings about delays in the construction schedule, that it was aware of the delays, and that plaintiff submitted requests for extensions of time that were tabled indefinitely. The law is well settled that even when a contract contains a nonwaiver clause and a provision stating that it cannot be modified except by a writing, it can still be effectively modified by actual performance and by the parties' course of conduct (Aiello v Burns Intl. Sec. Servs. Corp., 110 AD3d 234, 245 [1st Dept 2013]; McGuire v McGuire, 197 AD3d 897, 901 [4th Dept 2021]). Accordingly, issues of fact remain as to whether the parties' course of conduct amounted to a waiver of the contract's condition precedent concerning notice.
We have considered the remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 23, 2026